# Kalbfell's Estate.

*Attorney at law—Counsel fee—Discretion of orphans' court.*

In the allowance of fees to counsel for accountants in the settlement of decedent's estates, the orphans' court must be permitted to exercise a broad discretion, and in order to induce the appellate court to overturn such decrees, a case of clear abuse must be shown.

Argued April 9, 1901. Appeals, Nos. 85 and 86, April T., 1901, by James Fitzsimmons and Arch. H. Rowand, Jr., from decree of O. C. Allegheny Co., March T., 1897, No. 74, dismissing exceptions to adjudication in estate of John Kalbfell. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*T. B. Alcorn,* for appellants.

*George N. Chalfant,* with him *R. B. Scandrett, Alex. Gilfillan* and *J. McF. Carpenter,* for appellee.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

The appellants ask us to reverse a decree of the orphans' court allowing them $300 for professional services rendered the executor of Kalbfell's will, instead of nearly $4,000, the amount demanded.

We have said in McKown's Estate (see ante), and say again, that in the allowance of fees to counsel for accountants in the settlement of decedents' estates, the orphans' court must be permitted to exercise a broad discretion, and in order to induce this court to overturn such decrees, a case of clear abuse must be shown. The learned judge in the case before us has not left us in doubt as to the reasons for his decree. He finds that there was no necessity for two attorneys, and that some of the charges found in the two bills are duplications; that other

services, for which some $1,200 are charged, were rendered primarily to the executor as an individual and for the protection of his personal interests; that services for which $1,450 are charged were rendered in connection with a certain partnership business, and were consultations which the evidence failed to show to be of a legal character, chargeable to the estate as legal services, and that the claim of $200 by each of the appellants for collecting a judgment due the estate is forfeited because the appellants retained the whole amount collected, on account of fees, and did not pay the amount over until legal proceedings were instituted to coerce the payment. The learned judge further finds that even if the appellants have earned the whole of the amount they claim, they have not shown a right to take from the estate, for services rendered to it, a sum exceeding $300. We have weighed with care all that has been said on behalf of the appellants in argument, and all of the testimony appended to their book. We are not convinced that it is our duty to overturn the findings of fact, or that any mistake in conclusion has been made indicating a clear abuse of discretion. The hearings were evidently patient, and the conclusions were reached only after deliberation. The facts that the appellants' claims were presented before Judge HAW-KINS, and then withdrawn, as well as the fact that the claims fixed at much lower figures were litigated in the common pleas (Fitzsimmons v. Safe Deposit & Trust Co., 189 Pa. 516), do not militate in favor of the claims.

The decree in both appeals is affirmed.