## McKown's Estate.

*Attorneys at law—Counsel fees—Discretion of orphans' court.*

The Superior Court will not review the discretion of the orphans' court in allowing a counsel fee to an accountant, where there appeared nothing in the record to show that the amount of the fee was objected to at the audit; that no discussion of the matter was contained in the adjudication, and that no testimony was submitted affecting the amount of the fee.

Argued April 8, 1901. Appeal, No. 6, April T., 1901, by the Manhattan Life Insurance Company, from decree of O. C. Allegheny Co., April T., 1899, No. 51, sustaining exceptions to adjudication in the estate of James C. McKown. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the adjudication made no reference to allowance for a counsel fee to accountant.

The accountant filed an exception to the effect that an allowance for counsel fee for $1,000 to her counsel had not been made. The court in entering a final decree allowed a counsel fee of $1,000.

*Error assigned* was in sustaining exception as to the counsel fee.

*M. A. Woodward,* for appellant.

*Thomas Patterson,* for appellee.

Opinion by William W. Porter, J., May 23, 1901:

The orphans' court awarded a fee out of the decedent's estate to the accountant's attorney. By the record of the court below, as furnished to us, nothing appears to show that the amount of the fee was objected to by the appellant at the audit; that any discussion of the matter was contained in the adjudication; or that testimony was submitted affecting the amount of the fee, or the allegation that the services were not rendered to the executrix in her trust capacity. This may be due to the fact that proof in claims for professional services is often omitted through the professional courtesy of an opponent, or not put upon the record in extenso by reason of professional delicacy. The order respecting fees is not infrequently based upon oral statement or assent given at bar. This may have been the case here. It is alleged to be so by the appellee.

We are asked to strike down the allowance of the fee as improper. The record before us furnishes no ground for such action by this court. An order of the orphans' court allowing counsel fees in an adjudication is not an award to counsel as to creditors. It is in the nature of an allowance to the accountant for the cost of calling in professional aid in the settlement of the estate. The fees are a part of the expenses of administration: Fitzsimmons v. Safe Deposit, etc., Co., 189 Pa. 516. It is not clear that any allowance was made to the executrix for services rendered to her in her individual capacity. In passing upon fees the judge of the orphans' court is guided by equitable principles applicable to the facts of the particular case. To him, then, must be confided a broad discretion. To his conclusion approval must be given save only where a clear abuse is shown. The exercise of discretion includes a consideration of the quantity, character and result of the services rendered. In arriving at an amount the discretion may also extend to determining the value of the services of the attorney in the particular case, for to the adjudicating court are his attainments and professional standing peculiarly known. We will not then probe for a reason to overturn the action of the orphans' court. It is clear that something was due the accountant's counsel in this case. We will not undertake to appraise the services rendered, but affirm the decree of the court below.