## Casely's Estate.

*Trusts and trustees—Commissions—Employment of real estate agent—Collection of rent by trustee.*

Where a trust estate consists of an interest in a number of small houses in a city, and the trustee and other parties have also an interest in the houses, the fact that the trustee had at times collected rents and paid them over to a real estate agent employed by all of the owners to collect and distribute the rents, does not prevent the trustee from claiming in his account, not only his own five per cent commissions as trustee, but also five per cent commissions paid to the real estate agent.

*Decedent's estates—Counsel fees—Findings of fact.*

Where the amount of a trustee's claim for counsel fees has been contested before the auditing judge, but the auditing judge has found that the claim is reasonable, such finding confirmed by the court in banc will not be disturbed by the appellate court in the absence of clear error.

Argued Oct. 21, 1903. Appeal, No. 146, Oct. T., 1903, by John A. Casely, from decree of O. C. Phila. Co., Oct. T., 1892, No. 585, dismissing exceptions to adjudication in estate of Alexander Casely, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.

At the audit before FERGUSON, J., objections were made to the following items in the account:

| | |
|---|---|
| Commissions to accountant . . . . | $274 87 |
| Commissions to A. C. Wheller, real estate agent | 274 87 |
| Fee to D. J. Callaghan, Esq. . . . . | 150 00 |

The adjudication was in part as follows:

The auditing judge does not see any reason why the accountant should not have his commission. The amount charged is very reasonable for ten years' services, and there is no allegation of any dereliction of duty on his part, or want of honesty or fidelity in the management of the estate.

The auditing judge supposes, however, that the objection to this item is made in connection with the objection to the

next item above referred to, which is for commissions paid to a real estate agent who had charge of the property. It was claimed that the trustee had no right to pay an agent a commission for collecting rents, and charge, in addition thereto, a commission himself. This position is not tenable, as it has been held in numerous cases in this court that a trustee has the right to employ an agent to take charge of real estate and collect the rents thereof, and that he is entitled to his commission upon the money which goes through his hands and which he has the labor and responsibility of distributing, as well as having the agent paid for his services the usual compensation.

But it was alleged in this case that the agent in question did not perform the service of collecting the rents, but that the same were collected by the trustee himself. This raised a question of fact, and considerable testimony was taken. It appeared that the trust estate consisted, as before stated, of undivided interests in a number of pieces of real estate, some of the interests being small as one twenty-fourth. Therefore it became very necessary that one person should have charge of all of it and make the distribution of the rents among the various persons entitled thereto as the same were received. Mr. Wheller, a real estate agent, was selected for this purpose. He had the charge of that real estate; he made the leases when new leases were necessary; he looked after the repairs and he collected the rents. It was proved, however, by the tenants that in a number of cases they paid the rent to the trustee directly. But this happened because he was interested in other property in the neighborhood, and, as a matter of accommodation and convenience to Mr. Wheller, he carried the rent to him, to whom it had to go in order to make distribution among the parties interested. The trustee was not entitled to the whole rent received by him, but was only entitled to the fractional part which belonged to the cestui que trust, and therefore he carried it to Mr. Wheller for the purposes aforesaid. Besides, the evidence upon this point, while showing that the trustee did sometimes collect the rent, was so vague, indefinite and uncertain as to the amounts which were collected by him that no surcharge could possibly be founded thereon. In fact, counsel admitted at the audit that

they did not know what amount they claimed.   Under these circumstances it is impossible for the court to find out.

These items of credit are allowed.

The objection made to Mr. Callaghan's fee of $150 was also overruled.   The account, as before stated, covers ten years, and it required twenty-four closely typewritten pages to state it.   The auditing judge thinks that in view of these services the fee is not unreasonable, and this credit is also allowed.

Exceptions to the adjudication were dismissed by the court in banc, PENROSE, J., filing the following opinion :

The questions represented by the exceptions have been very fully considered by the auditing judge, and as they relate to matters of fact, his findings in the absence of clearly shown error are conclusive.   We think, however, that his conclusions are entirely correct.   The account is very voluminous and covers a period of ten years, yet every payment for which credit is claimed has been so completely established that not one is the subject of exception.   The fact that the trust estate is held jointly with other owners explains very satisfactorily the reason for allowance of commission to the agent having charge of the collections of the rent of the joint property, whose rights in this respect are not affected by reasons of collections, having, in the first instance, often been made for him by the accountant.   The latter was only entitled to receive from him the proportion belonging to the trust estate, and having so received it became, in turn, entitled to the commissions usually allowed to a trustee.

So far as we can see, there is no ground, whatever, for disallowing these commissions.   There is no duty on the part of the ordinary trustee to file " triennial accounts," though such an idea seems to exist.   The error may have had its origin in the act of assembly requiring triennial accounts to be filed (in the clerk's office, and not for adjudication) by a guardian; or perhaps the Act of April 11, 1879, P. L. 21, providing for the appointment of trustees to take charge of the property of those who have been absent for a specified period, and for the filing of triennial accounts by such trustees, may, from the arrange-ment of the act in the digests, have been incautiously read as applying to every species of trustees.   The act, of course, has

646, (1903).] Opinion of Court below—Opinion of the Court.

nothing to do with the trust which is the subject of the present account, though it was in the power of the cestui que trust, at all times, to compel the filing of an account by citation from this court.

We think also that the allowance to counsel for preparation of an account so voluminous, and for protracted services before the auditing judge was not unreasonable.

The exceptions are overruled, and the adjudication confirmed absolutely.

*Errors assigned* were in dismissing exceptions to adjudication.

*William C. Alexander*, with him *Henry W. Scarborough*, for appellant.—The accountant acted falsely, unfaithfully and dishonestly toward the estate in attempting to charge it for services which Mr. Wheller had never rendered and has thus forfeited his trustee's commissions in asking for a false credit: Swartswalter's Account, 4 Watts, 77; Clauser's Estate, 84 Pa. 51; Trust Estate of Sarah Nagle, 12 Philadelphia, 25; Steger's Estate, 3 W. N. C. 368.

The attorney's fees are excessive as allowed to the accountant: Kidder's Est., 3 Kulp, 443; Hays's Est., 153 Pa. 328; Willits's App., 20 W. N. C. 22; Schuck's Est., 30 P. L. J. 431; Nicklin's Est., 2 W. N. C. 495; Sterrett's App., 2 P. & W. 419; Dougherty's App., 20 W. N. C. 29.

*D. J. Callaghan*, for appellee.

OPINION BY RICE, P. J., December 19, 1903:

Counsel for appellant state the principal question for decision as follows: " Where a trustee under a will, himself personally collects rents and personally receipts the tenant's book and personally attends to the repairs, is said trustee entitled to a credit on his account of five per cent commission as trustee, and also to an additional five per cent commission upon the rents collected alleged to have been paid a real estate agent? "

Having regard to the principles upon which commissions are allowed to a trustee, we do not see how an unqualified answer, either in the affirmative or in the negative, could be given to the question which would control in every case that -

might arise. Possibly a prima facie presumption in favor of a negative answer ought to be made. But be that as it may, we think it clear both upon principle and authority, that under some circumstances a commission of five per cent might be allowed properly to a trustee for the labor and responsibility devolving upon him, as well as a credit for a commission paid to a real estate agent for renting the property, collecting the rents and the performance of other duties usually devolving upon such agents. Speaking of this subject, Mr. Justice PAX-SON said: " The services of an experienced rent collector might in many instances be highly beneficial to the estate and justify the additional expense; in others, wholly unnecessary. Five per cent commissions would be ample compensation to an executor in the case of a store, renting for $10,000 per annum, while ten per cent might be inadequate for a house renting for $100. Much depends upon the character of the property as well as its rental value. If old, out of repair and inconveniently located as to the residue of the testator's property, the labor would be proportionably increased. All these and others that might be specified are matters of fact essential to a correct understanding and decision of the case: " Woods and Martin's Appeal, 86 Pa. 346.

In the case in hand, the trust property consisted of a number of small houses in the city of Philadelphia, in some of which the trustee had a one-third-interest, and in others a three-eighths-interest. In addition to his interest as trustee, the accountant had also a personal interest. The real estate agent also had an individual interest. The trustee, together with the other owners, some of whom had only a twenty-fourth-interest, engaged the real estate agent to lease the properties, collect the rents, pay the bills, and make distribution among the parties in interest. It is true that some of the rents were collected by the trustee personally, and it is not clear to us that the amounts so collected could not be definitely ascertained from the evidence; but in order to carry out the agreement between him and the other owners, it seems that these collections were turned over to the agent and distributed by him as above stated.

Having regard to the number, character and situation of the properties, the number of owners, the amount of the rents,

the period during which the labor and responsibility devolved upon the trustee, we cannot say that the court erred in allowing him the commissions claimed by him or the commissions paid to the real estate agent. The compensation of a trustee of any character may often be arrived at by computing the percentage on the amount of the receipts and disbursements. " But after all, on all authority, it is a question not of percentage but of compensation. When the court has fairly responded to the interrogatory, how much has the trustee earned? it has discharged its whole duty in the premises. It therefore comes to nothing to say the percentage is large or the percentage is small as compared with the estate, if the executor has received neither less nor more than what his services are worth : " Montgomery's Estate, 86 Pa. 230.

The learned judge who spoke for the orphans' court in overruling the exceptions to the adjudication in the present case, said : " The fact that the trust estate is held jointly with other owners, explains very satisfactorily the reason for the allowance of commission to the agent having charge of the collection of the rent of the joint property whose rights in this respect are not affected by reason of collections having in the first instance often been made for him by the accountant. The latter was only entitled to receive from him the proportion belonging to the trust estate, and having so received it, became in turn entitled to the commissions usually allowed to a trustee."

We concur in this conclusion as well as in the conclusion that no dereliction on the part of the trustee has been shown for which he should forfeit his commission. As to counsel fees allowed the accountant, we remark that no testimony was adduced by the appellant for the express purpose of showing their unreasonableness, the account was voluminous, the services of the trustee extended over a period of nearly ten years, and the matter was vigorously contested before the auditing judge and upon the hearing of the twenty-seven exceptions to his adjudication. The court upon a view of all the circumstances, and with much better opportunities than we have for determining the question, held that the credit claimed was not unreasonable. Such a finding ought not to be overruled on appeal, except for clear error. We find nothing of that kind

here. See McKown's Estate, 17 Pa. Superior Ct. 253, and Kalb-fell's Estate, 17 Pa. Superior Ct. 255.

In view of the foregoing conclusions, it seems unnecessary to discuss in detail the twelve original and the twenty-five additional assignments of error. The case depends very largely upon the auditing judge's findings of fact; and after a very careful examination of the evidence, we are unable to conclude that any of them requires modification to such an extént as would change the result.

The decree is affirmed and appeal dismissed at the costs of the appellant.