147    410
d196   479

King's Estate.    King's Appeal.    Dexter's Appeal.

[Marked to be reported.]

*Trusts and Trustees—Separate use trust.*

A husband cannot create by will a separate use trust for his wife.

*Spendthrift trust.*

A spendthrift trust is not created in favor of a wife by the husband directing in his will that the trustee shall pay no part of the wife's income to her collateral relatives, and shall prevent such relatives from entering testator's residence.

*Payment of income by anticipation—Interest.*

A prohibition against anticipation in a trust clause of a will does not prevent the trustee from taking credit for payments made to the cestui que trust on account of income, before any income was actually received by him; but the trustee is not entitled to interest on such payments.

Per GREEN, J.: The cestui que trust had actually received the payments made in perfect good faith by the trustee, and she was as much in fault in violating the clause against anticipation as the trustee was in making payments. She has therefore no equity to be heard against her own wrongdoing.

Argued Jan. 5, 1892.    Appeal, Nos. 265 and 460, Jan. T., 1891, by Caroline E. King and F. G. Dexter, from decree of O. C. Phila. Co., July T., 1880, No. 57, sustaining exceptions to adjudication.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Adjudication of account of F. G. Dexter, trustee under the will of William M. King, deceased.

At the audit before HANNA, P. J., it appeared that the testator by his will provided as follows:

"I give devise and bequeath all my individual estate and household goods plate furniture, pictures and stores the estate and property respecting which I have the power of appointment as aforesaid both real and personal to my friend F. Gordon Dexter of Boston of the State of Mass. to have and to hold the same to his heirs successors and assigns forever, but upon the following usages and trusts conveying the same viz.    To hold and invest the same according to his best judgment in safe and reliable property real or personal to take and collect from time to time the income profits thereof and to pay over the said income and profits quarter yearly payments

to my wife Caroline E. J. King during her life but upon her
sole separate receipt or order in writing to be from time to
time and not by anticipation given and at her death to convey
and pay over the same to such person or persons as she may
by her last will or writing in the nature of a last will convey
direct or appoint the same and I hereby order and direct my
said Trustee to see that none of the income of the trust fund
shall go or be paid directly or indirectly to any of my wife's
collateral relatives nor shall he permit them to enter my resi-
dence 315 South 15th street Philadelphia. This I enjoin upon
him as a solemn duty I making this provision knowing full
well by experience the nature of their demands and the yield-
ing disposition of my wife who has already suffered bitterly
at their hands."

The accountant claimed credit for certain payments made
to the cestui que trust before any income had actually been
received by him. It appeared that most of these payments
had been made during a period in which, by reason of a con-
test over the will, no moneys whatever came into the hands
of the trustee. The auditing judge held that these payments
were either gifts or loans from the accountant to the widow,
and that as anticipation was prohibited by the will, the ac-
countant was not entitled to credit for the amounts claimed.
Credit was also refused for an allowance of $250 counsel fee,
the judge holding that the services had been rendered to the
accountant personally to protect him from surcharges which
the auditing judge was compelled to make.

Exceptions to the adjudication were sustained by the court,
ASHMAN, J., filing an opinion which was in part as follows:

" That the trust before us was not valid as a separate use
trust is demonstrable; the cestui que trust was the wife of the
testator, and became discovert at the moment of his death.
That it was not a spendthrift trust is almost as evident. No
set form of words, it is true, is required to create a trust of
that character, yet the intent to create must be not merely dis-
cernible, but, as the trust is an anomaly in the law, must be
unmistakable: Girard Insur. Co. v. Chambers, 46 Pa. 485.
Can it be said that an unmistakable intent to declare such a
trust is found in this will? There is not a word about cred-
itors nor about debts; and not a hint that the beneficiary was

lacking in prudence or was addicted to extravagance. The sole thought of the testator was to secure his wife from the solicitations of her collateral relatives; and the conditions which to this end he imposed upon the trustee were simply impossible. It was impossible for the trustee to prevent those relatives from entering the house of the cestui que trust if the latter encouraged their visits; and it was impossible to prevent them from borrowing or begging from the cestui que trust the income after it had come into her hands. Whether, however, they were or were not impossible, we cannot add to these conditions another which is illegal in estates of inheritance, and looked upon with disfavor in others, because it is in restraint of alienation. Our first duty is to carry out the intent of the testator. We defeat that intention if we allow the non anticipatory clause to stand, for the reason that we thereby convert a trust which the testator aimed against certain relatives, into a trust which he did not contemplate, against creditors. The maxims of interpretation are too well settled, to permit such a remodeling of the will of a testator. If a donor intends to create a trust, but fails for lack of right words, the court may not construe his disposition into a gift, although the words were adequate: Milroy v. Lord, 4 De G., F. & J. 264. So we cannot transmute an invalid trust against relations into a good trust against creditors, when it is clear that the testator intended the first and did not intend the second.

"But aside from these considerations, the real difficulty in the way of exceptant—a difficulty which should be removed before she can claim to be heard as to the nature of the trust—is a practical one; as to most of the payments which she seeks to repudiate, there has been no anticipation whatever. An anticipatory payment of income is a payment which is made before the income is due. It is not alleged that the payments to the exceptant during the two years covered by the will contest were made before the income had accrued; the objection is that they were made before it had been reduced into possession by the trustee. The fact is overlooked that the trustee was the legal owner of the estate and of its income, saddled, of course, with an obligation to pay to the cestui que trust; if he paid in full as the income fell due, but before he had himself collected it, the only effect would be that when the money

come into his custody it came to him relieved of the obligation. The cestui que trust had no more right to it than the remotest stranger.

"We think that the credits taken for payment of income should have been allowed, but without interest thereon; and it follows that the request for $250 counsel fees should now be granted. To this extent, the exceptions to the adjudication are sustained.

"And now, to wit, October 25, 1890, the court orders and decrees: 1. That the claim of the trustee in the above estate for the various sums paid by him to Mrs. King, the tenant for life, over and above the income received by him from the estate devised in trust be allowed but without interest, which said sums amount in the aggregate to three thousand and fifty-five dollars and forty cents ($3,055.40) after deducting one thousand eight hundred and ninety-six dollars and thirty-four cents ($1,896.34), being the aggregate of the interest on the sums paid by the trustee until he was recouped by receipts of income. 2. That the claim of the trustee to the sum of three thousand and fifty-five dollars and forty cents ($3,055.40) as against his liability to the cestui que trust for income received be allowed. 3. That the trustee be allowed two hundred and fifty dollars ($250) as the fee to his counsel in the litigation growing out of the account."

*Errors assigned* by Caroline E. King were (1–3) the decree, quoting it; (7) in not dismissing exceptions to the adjudication.

*Error assigned* by F. G. Dexter was in refusing to allow interest on the credits claimed and allowed to the trustee.

*Lewin W. Barringer, J. C. Jones* with him, for Caroline E. King.—The trust created by the will was a spendthrift trust: Fisher v. Taylor, 2 Rawle, 33; Rife v. Geyer, 59 Pa. 393; Vaux v. Parke, 7 W. & S. 19; Keyser v. Mitchell, 67 Pa. 473; Stambaugh's Est., 135 Pa. 585.

If the trust in question be not regarded as a spendthrift trust, it is submitted that the action of the trustee in making these advances was a direct breach of trust and a violation of the confidence reposed in him by the testator, and that, therefore, he can have no standing in his efforts to recoup himself

out of the accruing income even as against the life tenant, the recipient of the advances : Stambaugh's Est., 135 Pa. 585 ; Thomas v. Price, 46 L. J. Ch. 761.

*R. C. McMurtrie* for F. G. Dexter.—The cestui que trust cannot hold her trustee liable for a breach of trust which she has requested and received the benefit of : Hill on Trustees, 790.

There is nothing in the will to show an intention to create a spendthrift trust: Gerard v. Chambers, 40 Pa. 485 ; Neale's Ap., 104 Pa. 214.

OPINION BY MR. JUSTICE GREEN, February 15, 1892.

We are of opinion that the learned court below adopted the correct view of the question involved in the present contention. It is clearly shown, in the opinion, that the trust could not be a valid separate use trust, because the cestui que trust, who was the wife of the testator, became discovert at the moment of her husband's death. Nor could the trust be sustained as a spendthrift trust, for lack of words to create it, or facts to sustain it. There is no provision against creditors, nor any prohibition as to incurring debts. There is a prohibition against the payment of any part of the income to the wife's collateral relations, and against their entering the testator's residence, but that is all, and such words, and such a purpose, are not sufficient to create a spendthrift trust. The clause against anticipation remains, but, as the learned judge of the court below well put it, there was no anticipation, in the strict meaning of the word. When the payments were made there was no income. The right to any income was in dispute, and was not determined till the adjustment of the will contest in November, 1882. In the meantime, the trustee had paid to the cestui que trust sums of money which, being added to other income payments, exceeded, in the whole, the income received, by the sum of $3,055.40, and this the trustee claimed as against his liability for income received, with interest. The claim of interest was properly rejected, but the principal of the payments was allowed out of income for which the trustee was liable to account. The cestui que trust had actually received the payments made in perfect good faith by the trustee, and she was as much in fault, in violating the clause against anticipation, as the trustee was in making the payments. She has, there-

fore, no equity to be heard against her own wrongdoing, and we regard her as estopped from saying she had no right to receive the money on account of the clause against anticipation. The income, when received, was hers absolutely. She could pay debts with it, or give it away, or do anything she pleased with it. It would be strange, indeed, if she, having received it from the trustee in advance of the time when she could have compelled its payment, because it was not yet received by him, could be permitted to say she had no right to receive it, under the will, at the time when she did receive it, and thus assert her own wrong, not to prevent, but to perpetrate, a gross injustice. We will not permit it. Stambaugh's Est., 135 Pa. 585, so much relied upon by the appellant, was a contest over the diversion of a part of the corpus of the trust, which, of course, could not be done with or without the consent of the cestui que trust. But that is not the question here. As we understand the case, the question is, has the cestui que trust received from the trustee the whole amount of the income which she was entitled to receive under her husband's will? That she has received it, in point of fact, cannot be disputed, under the findings of the court below. Can she be permitted to say, in a court of justice, that she did not receive the whole of it, because at the time she did receive a part of it her trustee, who paid it to her, had not himself received it? We think not, and we agree with the learned court below in so holding. The English cases cited for the appellant are not upon the same, or similar facts as the present, and do not raise the same question.

The allowance of the counsel fee was proper, in view of the result of the contention, as it is now.

Decree affirmed.

## DEXTER'S APPEAL.

The only question raised on this appeal is the right of the trustees to have interest on the sums paid to the cestui que trust in advance of funds in his hands. We think, as the money was paid without express authority under the will, there is no right to have interest, as upon a debt due. In the absence of contract, interest is damage for the unjust detention of money, and nothing of that kind can be predicated of the facts in this case.

Decree affirmed.