## Gelbach's Estate.

*Trusts and trustees—Compensation—Commissions.*

A charge of five per cent by trustees for the collection of rents in addition to five per cent paid to a real estate agent for collecting the same rents, will be sustained, where it appears that the real estate in question consisted of forty different properties all old and out of repair, and rented to fifty different tenants, and that one of the trustees did all of the work, while the cotrustee who was one of the two cestui que trusts, did nothing, and opposed the charge for commissions.

Trustees are entitled to commissions on money borrowed upon a mort-

gage and expended in the erection of a property which had been destroyed by fire, where it appears that the transaction was an exercise of good judgment, and that its results were greatly beneficial to the estate.

Argued Oct. 4, 1905. Appeal, No. 31, Oct. T., 1905, by Emma L. Borgner, distributee, from decree of O. C. Phila. Co., Oct. T. 1887, No. 311, dismissing exceptions to adjudication in estate of George Gelbach, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.

HANNA, P. J., filed the following opinion :

Upon consideration of the exceptions, we fail to discover any good reason to differ from the conclusions of the auditing judge save in the single instance of the allowance of commissions at the rate of five per cent upon the proceeds of the real estate sold. And this is evidently an oversight. As settled by numerous authorities, the established rule and practice, in the absence of proof of unusual and extraordinary labor and services rendered by the fiduciary, is to allow but three per cent commissions upon the amount realized upon the sale of real estate. And while it might be persuasive evidence that the accountants are not entitled upon the settlement of the present account to a greater rate than they claimed and was allowed to them upon the audit and adjudication of prior accounts, yet they are not estopped thereby from claiming or being allowed an additional rate of compensation for labor and responsibility expended and incurred during the period embraced in a second account. Each account is independent of the other and the executor, administrator or trustee, is entitled to his compensation irrespective of the amount theretofore allowed. If his labor, trouble and responsibility are greater than were previously rendered, sufficient ground is shown for an increase of compensation. It may well be that while eight per cent commissions allowed in prior accounts was considered adequate compensation, yet, during the period covered by the succeeding account, ten per cent commissions, including five per cent paid to the agent, will not be more than is justly earned by the trustee.

This is the conclusion of the auditing judge and no error appears from the testimony to warrant it being disturbed. The allowance of the commissions upon the rent collected, both by the trustee and the agent employed by him, is in full accord with the doctrine of Wood's and Martin's Appeal, 86 Pa. 346, and Casely's Est., 23 Pa. Superior Ct. 646.

Nor do we think the allowance of commissions to the accountants, upon the money borrowed by them for the improvement of the real estate belonging to the trust, is not fully sustained by the evidence, and for the same reason, being for the benefit and improvement of the real estate belonging to the trust, the interest paid by the accountants for the money borrowed is not a proper subject of surcharge.

With the correction made as before indicated, the remaining exceptions are dismissed and the adjudication confirmed, and a proper decree will be prepared by counsel for accountants.

*Error assigned* was the decree of the court.

*Jere J. Crowley*, with him *Charles C. Lister*, for appellant.

*Alfred R. Haig*, with him *Henry C. Thompson, Jr.*, *Dwight M. Lowrey* and *William F. Harrity*, for appellees, cited as to the commissions on rent: Casely's Estate, 23 Pa. Superior Ct. 646 ; Wood's & Martin's App., 86 Pa. 346.

Cited as to commissions on money borrowed and expended for rebuilding the property destroyed by fire : Montgomery's App., 86 Pa. 230.

OPINION BY BEAVER, J., November 21, 1905 :

The estate of the decedent was carefully administered. There is no allegation of mismanagement of any kind. The sole exception is as to the compensation to be allowed the executors and trustees. The original adjudication was made without objection. Subsequently a petition was presented to the court to open the adjudication upon allegations of an overcharge for compensation. This was done and a readjudication had, in which the auditing judge who had heard the first adjudication, after a careful examination and an opinion filed, dismissed

446, (1905).]                     Opinion of the Court.

the exceptions. Exceptions were then filed to the readjudication which were considered by the court and dismissed in an opinion by President Judge HANNA.

The principal ground of exception is a charge of five per cent on the part of the executors and trustees for the collection of rents, etc., in addition to five per cent paid to a real estate agent for collecting the said rents, whereas in previous accounts the executors and trustees charged three per cent.

It appears from the testimony that there were some forty different properties rented to fifty different tenants; that the properties were old and in need of constant repair. It appears also from the testimony that Mr. Horn, one of the executors and trustees, has alone been active in the management of the estate. He was asked: " Q. How far has your coexecutor and trustee been active in the management of the estate? A. It is something exceedingly rare for her to be present at all. In cases of any moment, I would advise her and give her an opportunity to object. In many cases I would receive no reply even from that. Q. You have been practically the acting executor? A. I have been the acting executor."

There are but two heirs entitled to distribution of the estate, one, the appellant here; the other, the coexecutor and trustee in the management of the estate. They both united in the application for readjudication, upon the ground that the charge for administering the estate was excessive: Inasmuch as the coexecutor received an equal division of the charge for management and can, if she chooses to do so, divide with her sister, the charge to the estate for its management would be unusually small under the circumstances.

Another exception is as to the charge for money borrowed upon a mortgage and expended in the erection of a property which had been destroyed by fire. The charge is not for borrowing but for care and labor in providing for and surpervising the erection of the building. There is no question but that, if the executors and trustees had sold a portion of the personal property of the estate and had expended it in rebuilding, they would have been entitled to a commission upon it. Instead of doing so, however, they preserved the personal property intact, which was valuable and has greatly increased in value, borrowed the money and expended it, in addition to the insur-

ance, in the re-erection of the building destroyed. This was, under the circumstances, an exercise of good judgment, and the results were greatly beneficial to the estate. We can see nothing erroneous in the allowance made by the orphans' court of the commissions which, it seems to us, were fairly earned.

The opinion of the president judge fully covers all the points involved and we can profitably add nothing to what is said therein.

Decree affirmed and appeal dismissed at the costs of the appellant.