## Hunter, Receiver, Appellant, *v.* Henning.

*Set-off—Suit against defendant individually—Set-off of claim due defendant in representative capacity—Refusal.*

1. A cardinal rule in the interpretation of statutes of set-off, requires that there be mutuality of demand, both as regards the quality of the right and identity of the party; by mutuality in quality of right is to be understood mutuality of right with respect to the legal remedy provided for the enforcement of the several demands.

2. In an action by the receiver of a bank brought against the maker of promissory notes held by the bank, the defendant cannot set-off against the plaintiff's demand, bank deposits made by him in a fiduciary capacity, prior to the insolvency of the bank, since to permit such a set-off would allow the defendant to pay his own debts with money belonging to others.

Argued Oct. 8, 1917. Appeal, No. 11, Oct. T., 1917, by plaintiff, from judgment of Superior Court, April T., 1916, No. 129, reversing judgment of C. P. Allegheny Co., Oct. T., 1914, No. 1410, for plaintiff, for want of a sufficient affidavit of defense, in case of David Hunter, Jr., Receiver of the Land Trust Company, v. J. F. Henning. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

The Court of Common Pleas entered judgment in favor of plaintiff. The Superior Court reversed the judgment of the Court of Common Pleas. Plaintiff appealed.

*Error assigned* was the judgment of the Superior Court.

*Alexander J. Barron,* of *McKee, Mitchell & Alter,* for appellant.—Demands which may be set off under the statutes of set-off must be due between the same parties and in the same right: Darrochs' Executors v. The Administrator of Hay, 2 Yeates 208; Potter v. Burd, 4 Watts 15; Stuart v. Commonwealth, 8 Watts 74; Murray v. Williamson, 3 Binney 135; Wolf v. Beales, 6 S. & R. 241; Henderson v. Lewis, 9 S. & R. 379; Stuart v. The Commonwealth, 8 Watts 74.

If the decision of the Superior Court is the law, the distinction between trust funds and personal funds becomes obliterated, so far as the doctrine of set-off is concerned.

A set-off will not be permitted where to allow the same would be inequitable and prejudice the rights of third persons not parties to the suit: Wolfersberger v. Bucher, 10 S. & R. 10; Executors of Henry Darroch v. Administrator of Michael Hay, 2 Yeates, 208; Wilmarth v. Mountford, 8 S. & R. 124; Potter v. Burd, 4 Watts 15; Arnold v. The Macungie Savings Bank, 71 Pa. 287; Burger v. Burger, 135 Pa. 499; First Natl. Bank of Lock Haven v. Mason, 95 Pa. 113; Citizens N. Bank v. Alexander, 120 Pa. 476; Patterson v. Marine N. Bank, 130 Pa. 419-431.

*Samuel L. Dille,* for appellee.—A depositor of an insolvent bank has the right to set off his deposit against a note due by him: Jordan v. Sharlock, 84 Pa. 366; Skiles v. Houston, 110 Pa. 254; Jack v. Klepser, 196 Pa. 187.

Set-off is not confined to the statute. It is an equitable defense and the courts in the exercise of their chancery powers will allow it whenever there is a special equity to be subserved, and no superior equity of third persons to be injured: Frantz v. Brown, 1 P. & W. 257; Hibert v. Lang, 165 Pa. 439.

As a legal defense it is held that the set-off must be between the same persons and in the same right. The rights are the same in quality or mutuality when the

party claiming to defalk has a right of action to recover and a right to receive the fund when recovered because the legal title is in him; or because he has an equitable right in the property itself: Hugg v. Brown, 6 Wharton 468.

An administrator or executor deals with the goods of his intestate personally, hence he may set off a claim due him as administrator against his personal debt.

A trustee having the right of action because the legal title is in him, and the legal right to the property when recovered, can use the same as a set-off in an action against him for a personal debt: Wolf v. Beales, 6 S. & R. 241.

Courts in the exercise of their equity powers favor set-off to prevent circuity of action; they have not limited their jurisdiction to the statute but have frequently gone beyond it. A set-off will be allowed if there is a special equity to be subserved and no superior equity of third persons to be injured: Montz v. Morris, 89 Pa. 392; Hibert v. Lang, 165 Pa. 439.

OPINION BY MR. JUSTICE STEWART, January 7, 1918:

This is an appeal from the judgment of the Superior Court, reversing a judgment of the Common Pleas Court of Allegheny County. The case will be found reported in 64th Superior Court Reports, page 366. The original action was brought by a receiver of an insolvent bank to recover from the defendant, here the appellee, the amount due on a note for $950, of which he was maker. The liability of the defendant on the note was not in dispute, nor was the amount due, namely, $400. The only question in the case arose with the attempt on the part of the defendant to set off against the plaintiff's demand two several deposits that had been made by the defendant in the bank prior to its declared insolvency, one to the credit of himself as "executor of E. O. Anderson" in $150.64, and one to the credit of himself as "trustee of J. Dorothy Henning, a minor," in $205.41. The trial court

refused the set-off and judgment was accordingly rendered in favor of the receiver for the full amount of the claim sued on.  Appeal was taken from the judgment so entered to the Superior Court, with the result that the judgment of the lower court was there reversed, the appellate court holding that the set-off should have been allowed.   This states the whole case on its facts, and these give rise to a single question of law.

Were these several demands, that is to say, the note on which suit was brought and the several deposits in bank offered as set-offs, due in the same right?  In other words, the right of action for the recovery of the note being concededly in the plaintiff, did the defendant have a corresponding right of action to recover from the bank the several deposits above specified?  If he had such right, the cases cited in support of the conclusion on which the judgment of the Superior Court is rested are not only apposite, but fully vindicate the judgment; otherwise, they come short of the purpose for which they are cited.   It was no part of the judicial purpose in any of these cases to abate anything from or qualify in any degree what GIBSON, C. J., in Stuart v. The Com., 8 Watts 74, calls "a cardinal rule in the interpretation of statutes of set-off," and which he says "requires that there be mutuality of demand both as regards the quality of the right and identity of parties."  By mutuality in quality of right is to be understood mutuality of right with respect to the legal remedy provided for the enforcement of the several demands.   The plaintiff here sues the defendant in the latter's own right, on his individual indebtedness.   Except as it is available for the defendant to sue the bank in his own right to recover the bank deposits, there is no mutuality in quality of right.   This becomes apparent when the purpose of the statute is considered.   This, as repeatedly declared, is the avoidance of circuity of action.   "The foundation of set-off," says MITCHELL, J., in Hibert v. Lang, 165 Pa. 439, "is the prevention of circuity of action.   It is therefore the

general rule that cross-demands must be held in the same persons and in the same rights so that actions may be maintained thereon each against the other." To be mutual the cross-demand here set up must be shown to belong individually to the defendant with corresponding right to sue for the same in his individual name, otherwise the debts cannot be said to be due in the same rights. The case of Wolfersberger v. Bucher, 10 S. & R. 10, relied upon as sustaining 'the right of set-off here claimed is not in any way inconsistent with what we have said, but supporting rather. There the action was brought on a note given by the defendant for the price of goods purchased at a sale of an intestate's effects. The plaintiff in the action was the administrator, but the action was brought in his individual name, which the court, for reasons unimportant here, held to be proper, and that he had a right of action within himself. The debt offered to be set off was due by the intestate in his lifetime. It was disallowed in the court below, and on appeal the disallowance was affirmed by this court in the following explicit language: "This, then, is an action brought by a man in his own right in which there was an offer to set off a demand due by him as administrator; and it is well settled that such set-off cannot be allowed. ......In this case the plaintiff would be at liberty to join with the present cause of action any demand proper in other respects, although without the slightest cast (sic) of being due to him in a representative character; which shows he was the owner of the debt and not merely entitled to the remedy; and the establishing of that point, independent of any other ground, is decisive of the question."

In the present case, the action was brought not by the bank, but by the receiver in his representative capacity. The offer of set-off was a demand due from the bank, if in any event to the defendant, due him only in his representative character as executor and as trustee. In the case cited, the decision rested distinctly on the

ground of want of mutuality—that the debts due were not due in the same right. In the case in hand, the demands offered as set-off are not due the defendant, J. F. Henning. If it be assumed that the legal title to the funds that are the basis of these demands was once in him as administrator and trustee, under the doctrine of Wolfersberger v. Bucher, supra, he had divested himself of that legal title when he segregated them from his own funds in the manner he did; depositing neither in the bank as his own, but designating each in a way showing unmistakably to whom it belonged. In doing so he put it beyond his legal right to exercise any control whatever over either deposit, unless in his representative capacity. His individual check upon either deposit the bank could have safely dishonored; it could have honored such check only at its peril, for in his individual capacity it owed him nothing. Each deposit was a special appropriation by the defendant of trust funds in his hands; he had no property right in either; neither could have been attached by his individual creditors, and in case of failure of the bank he would have been exempt from loss. German National Bank v. Foreman, 138 Pa. 474. These deposits, made in the way they were, can only be regarded as an equitable assignment for the uses designated. Nor does the case of Wolf v. Beales, 6 S. & R. 241, also cited and relied on, conflict. There the defendant was sued to recover a debt he individually owed; the cross-demand he set up was plaintiff's indebtedness on a bond given to one Pearson, and by Pearson transferred to the defendant. From the condition in the bond it appears that the money due was payable to the obligee named, in trust for another. On this bond plaintiff could have sued only as trustee, not having the right of action thereon in himself. It was so held and the set-off was refused solely on this ground, the court by GIBSON, J., saying: "It may be stated as a general rule, that the person having the right of action may set off a debt due to him as trustee against a debt due by him in his own right,. . . . . .

but it is extremely clear that the right to set-off must depend on either the right of action or the right of property, and here the defendant had neither. The bond was not assignable under the act of assembly, being payable only to the obligee himself, who was, therefore, not authorized to transfer the right to sue on it at law, and the property in the money it was given to secure being another's, he could not transfer an equitable right of action, which can pass only as an incident of the right of property. On what ground, then, could the defendant below have sustained a suit? Only, if at all, as trustee having a remedy—as therefore the defendant could not have sustained the suit on the bond, the court was right in refusing to permit him to set it off." If we are correct in saying that in the present case the plaintiff could not have maintained an action against the bank for the recovery of these deposits, except in representative capacity, then, instead of supporting the contention of the appellee, the case goes directly to the contrary. The case of Solliday v. Bissey, 12 Pa. 347, is readily distinguished from the present one. There it was a fact, expressly so stated by the court, that the debt set off was a debt owing the executors on their own contract and in their own right, the court adding: "In all cases of promises, express or implied, made to or by an administrator after the death of the intestate, and the same holds as to executors, the action lies by and against the administrator personally." It was upon this legal right that the set-off was allowed. Solliday v. Bissey, 12 Pa. 347, a case cited in the opinion of the court in Jack v. Klepser, 196 Pa. 187, calls for no present consideration, for however applicable there, it is without relation to the question here being considered.

The case turns upon the question of mutuality in quality of right with respect to these counterclaims. The action was against the defendant in the latter's own right, that is to say, for his individual debt; what he claimed to set off was a demand against his creditor in

which he had no property right himself, not even the right of possession, and for the recovery of which he could sue only, if at all, in a representative character. The manifest effect of allowing such a set-off would be to enable a debtor to pay a debt of his own with money belonging to other people. This cannot receive judicial sanction.

Our effort has been to show the absence of the mutuality the law requires in such cases. If we have succeeded, and we think the authorities cited support this view, then it must follow that the lower court was correct in refusing to allow the set-off urged.

The judgment of the Superior Court is reversed.