Gordon, Secretary of Banking, *v.* Union Trust Co., Appellant.

494

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur H. Hull*, of *Snyder, Miller, Hull & Hull*, for appellant.—Mutuality of demand both as regards the quality of the right and identity of parties exists and therefore the right to set-off exists: Stuart v. Com., 8 Watts 74.

The accounts were in the respective names of the banks, and the deposits were general trust funds, and neither bank could have rightly refused to honor a check, drawn on it by the depositing bank on the ground that the deposit belonged to any particular estate or individual, because the accounts had not been opened and were not carried in any such specific or particular manner: Hugg v. Brown, 6 Wharton, 468; Murray v. Williamson, 3 Binn 135; Wolf v. Beales, 6 S. & R. 244; Bank v. Mason, 95 Pa. 113; Bank v. Alexander, 120 Pa. 476; Patterson v. Bank, 130 Pa. 419.

*Mark T. Milnor*, special counsel, *Shippen Lewis*, Special Deputy Attorney General, and *William A. Schnader*, Attorney General, for appellee, were not heard.

OPINION BY MR. JUSTICE KEPHART, June 30, 1932:

The Commercial Trust Company deposited $6,429.50 with the Union Trust Company, the account being styled "Commercial Trust Company Trust Funds." The Union Trust Company had $6,808.45 on deposit with the Commercial Trust Company, this account being styled "Union Trust Company Trust Funds." It is conceded that both deposits represented trust funds of the respective institutions, and, as such, were the property of various cestuis que trust or beneficiaries of each bank.

Union Trust Company was and still is a solvent going concern. Commercial passed into the hands of the secretary of banking because of impairment of capital. The secretary drew on Union for the trust funds of Commercial which it held. Payment of his draft was refused since Union claimed a set-off against it because of the trust fund deposit it had in Commercial. The court below refused to permit the set-off for the reason that it did not appear that there was mutuality of demand both as regards the quality of the right and the identity of the parties.

The statutes* and orders of the banking department have resulted in a general practice among trust companies of depositing trust funds exactly as was done in this case. The beneficial owners of Commercial's trust account are A, B, and C; their money is in the Union bank. The beneficial owners of Union's trust account are X, Y, and Z, and their money is in the Commercial bank. Strike the trust companies out of the picture, as they are only trustees holding legal title, and the matter

---

* Clause v of the Act of May 9, 1889, P. L. 159, amending the Corporation Act of 1874, P. L. 84; Act of May 9, 1923, P. L. 173; Act of April 6, 1925, P. L. 152; Act of April 11, 1929, P. L. 525.

is reduced to its simplest form. What is then asked in the set-off is that the money of A, B, and C, be used in part to pay the debts to X, Y, and Z. This we held in Hunter v. Henning, 259 Pa. 347, could not be done. Appellant attempts to limit that decision to its facts inasmuch as the trust accounts were there plainly earmarked, but as we said in Trestrail v. Johnson, 298 Pa. 388, "Generally speaking, in all cases where the ownership of the fund itself has been in dispute, and not the right to administer it, the court has been particular to do nothing which would disturb in the slightest the fund reaching its destined lawful end, without unnecessary risks that might come if a more liberal policy was adopted, it being conceded the fund was a trust or one that can be called such."

The question here then is one of ownership, not one of determining the status of a deposit between the bank and the depositor. The underlying equitable principle set forth in Trestrail v. Johnson, supra, controls. The names in which suit could be brought and defended furnish an indication, but are not the only criterion, of the right of set-off. To whom do the funds really belong? Mutuality of right in a set-off is not circumscribed by the "right to bring an action," but the broader question may be and generally is of importance. Whose money or claim is proposed to be used as a set-off? This is the true equitable principle which governs such questions. Where there is a contest over trust funds in the hands of trust companies that are governed by the same acts, the status of such trust funds, because of their shifting character, must receive a more liberal treatment than trust funds in the hands of other fiduciaries. This results from the acts of assembly and orders of the secretary of banking under these acts, authorizing and requiring the use and deposit of such funds in a prescribed manner. The designation of the beneficiaries and their interest in the fund is also controlled to a large extent by these acts and orders, as

well as the actions of the trust company covering these matters. Because of these circumstances, while certain liberties exist in the case of such trust companies with respect to the manner of drawing and honoring checks on such accounts, and perhaps with respect to other banking matters in connection therewith and in suits therefore, when the security of the fund itself is attacked, the trust company claiming it, or the secretary of banking for it, may, for the benefit of the real owners or beneficiaries, defend or assert their claim or title to the fund, either in their right or through the trust company. In this respect the case differs from the instances of set-offs or claims as noted in First National Bank of Lock Haven v. Mason, 95 Pa. 113; Citizen's National Bank v. Alexander, 120 Pa. 476; Patterson v. Marine National Bank, 130 Pa. 419. The secretary of banking is not estopped to show the actual owners of the fund.

The court below did not err in entering judgment for the secretary of banking for the amount which the Commercial Trust Company had on deposit with the Union Trust Company.

Judgment affirmed.