In the Estate of J. A. Nauman, Deceased.

56

Argued May 2, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Spencer G. Nauman* of *Nauman, Smith & Hurlock,* for appellant.—An executor or trustee who voluntarily makes an over-payment to a distributee, cannot thereafter recover 'from the distributee 'the excess paid. Bomgardner v. Blatt, 35 Pa. Superior Ct. 361; Montgomery's Appeal, 92 Pa. 202.

*John N. Hetrick* and with him *Shippen Lewis,* Special Deputy Attorney General and *William A. Schnader,* Attorney General, for appellee, cited: King's Estate, 147 Pa. 410.

OPINION BY BALDRIGE, J., July 14, 1933:

John A. Nauman died July 14, 1924. By his last will and testament, he devised all his residuary estate to executors, in trust, the income to be paid to his sister, Elizabeth Nauman Allen, during her lifetime, and appointed her and the Lancaster Trust Company executors and trustees. The trust company became the active trustee, made all the investments, and collected the income. It had been a custom for years to forward, quarterly, to the life tenant, who was a non-resident of Lancaster County, a statement containing the names of the debtors, the date interest was due, the amount thereof, etc. The statement did not distinguish between the collected and uncollected items, but the check accompanying it was for the aggregate amount of the interest due. If the interest was, in fact, uncollected, the trust company repaid itself when collections were subsequently made. The trust company, during the year 1931, advanced to Mrs. Allen the sum of $1,736.87, representing interest due on certain mortgages which had not been paid.

The Lancaster Trust Company closed its doors on January 11, 1932, and was taken in charge by the Secretary of Banking of the Commonwealth of Pennsylvania. Mrs. Allen did not learn until April, 1932, that the interest she had received in October, 1931, and January, 1932, had not been paid by the mortgagors. At the time of the closing of the trust company, Mrs. Allen had on deposit in that institution the sum of $2,475. The trustee's first account filed shows that the Secretary of Banking has withheld $1,505.75, interest collected since the closing of the trust company, but no part thereof included interest advanced to Mrs. Allen. In other words, the sum retained represented only interest collected from securities other than the mortgages on which interest

was advanced. The appellee claims the right to credit the money in its hands for distribution against the amount prepaid the life tenant. The learned court below sustained this position, dismissed the exceptions, confirmed the account, and exceptant appealed.

The appellant argues that, on strict technical grounds, the trust company is not entitled to recoup itself in any form, whether by set-off or otherwise, for the excess amount paid, as it was not the result of any agreement with, or representation made by her: Bomgardner v. Blatt, 35 Pa. Superior Ct. 361; Montgomery's App., 92 Pa. 202. It is unnecessary to determine whether any right of set-off exists as to these prepayments, as the appellant is seeking only to have the collected income paid her and does not protest to a set-off against her deposit in the trust company of the interest advanced.

Under the testator's will, Mrs. Allen was entitled to receive, and it was the duty of the active trustee to pay her, the income from the residuary estate. The payment of uncollected interest was not within the authority of the trustee, nor did the money so paid to the life tenant belong to, nor was it in possession of, the estate. This voluntary payment by the trust company created, at most, a relationship of creditor and debtor between it and Mrs. Allen when the trust company closed. The taking over of the institution by the Secretary of Banking did not change that situation or the rights of the parties. At that time Mrs. Allen owed the trust company $1,736.87 and it was indebted to her in the sum of $2,475. The trust company continued to act in the capacity of a trustee under and subject to the provisions in the will, and was required, as formerly, to pay to the life tenant the income received from other investments. Any income collected after the closing of the trust com-

pany was not an asset of that institution, subject to distribution to its creditors. Of course, in good conscience, when and if the advanced interest is collected, the active trustee should be entitled to retain all or that portion necessary to reimburse itself. That is a matter, however, for future settlement between the active trustee and the cestui que trust when another account is filed.

The learned court below was of the opinion that, as the money advanced was paid by the trust company from a "Trust Fund Account," deposited in various banks, comprising money received from other estates, it would be inequitable to deplete that fund to pay income to Mrs. Allen without requiring her to make reimbursement. If the trust company saw fit to misapply money without Mrs. Allen's knowledge, and pay it to her, her rights as a life tenant are not affected by that improper conduct. She simply became the trust company's debtor.

The court below held further that the Lancaster Trust Company, trustee, is not the same party as the Lancaster Trust Company, now in the hands of the State Banking Department for liquidation; that the relationship of the parties was that of a trustee and cestui que trust, and not that of debtor and creditor; and denied the set-off as "it is obvious there is not mutuality of demand, both as regards the quality of the right and identity of the party," citing Hunter v. Henning, 259 Pa. 347, 103 A. 61. In that case, the receiver of a bank brought an action against the maker of promissory notes held by the bank, and the defendant sought to set off a deposit made by him in a fiduciary capacity, prior to the insolvency of the bank. The court there said (p. 353): "The action was against the defendant in the latter's own right, that is to say, for his individual debt; what he claimed to set off was a demand against his cred-

itor in which he had no property right himself, not even the right of possession, and for the recovery of which he could sue only, if at all, in a representative character. The manifest effect of allowing such a set-off would be to enable a debtor to pay a debt of his own with money belonging to other people. This cannot receive judicial sanction.'' As we have heretofore pointed out, however, there was no trust relationship between the trust company and Mrs. Allen, in so far as the advanced money was concerned. There existed a mutuality with respect to the legal remedy, as the quality of the rights and the identity of the parties were the same. The trust company was indebted to Mrs. Allen in her own right for money deposited, and she, individually, owed it for money advanced. If we are correct in holding that she was a debtor to the trust company, it cannot set off money collected in a representative capacity against her individual indebtedness to it. In King's Est., 147 Pa. 410, 411, 23 A. 603, cited also by the court, the will provided that the income should be paid to the testator's wife ''upon her sole separate receipt or order in writing, to be from time to time and not by anticipation given.'' The trustee, in violation of the terms of the will, paid income when the right to it was in dispute, with the knowledge of the cestui que trust that it was not due. The court said (p. 414): ''She has, therefore, no equity to be heard against her own wrongdoing, and we regard her as estopped from saying she had no right to receive the money on account of the clause against anticipation.''

In this case, Mrs. Allen was entirely innocent of any impropriety in accepting interest which she had reason to believe was collected by the active trustee, and paid her, not contrary to, but in accordance with testator's directions. We can see no violation of any equitable principle in the life tenant's claiming in-

terest collected by the active trustee, and permitting a set-off to her deposit in the trust company of the interest the trust company prepaid her.

The order of the court below in dismissing the exceptions is reversed, and distribution of the funds in the hands of the trustee is directed to be made in accordance with this opinion. Costs to be paid by the appellee.