## Commonwealth Trust Company of Pittsburgh's Appeal.

Argued October 8, 1936. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*William A. Wilson,* with him *Eugene R. Speer,* for appellant.

*Charles H. McKibben,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 23, 1936:
Appellant is substituted trustee of a general trust fund, or mortgage pool, wherein is held over five million dollars of first mortgages on real estate, in which more than four hundred individuals and estates hold participating interests. Appellee, McQuade, is a beneficiary of one of these estates, established in 1927 by deed of trust, executed by his parents, whereby certain cash and securities were assigned and transferred by them to The Bank of Pittsburgh National Association in trust, to pay the income to themselves and the survivor thereof for life and, upon the death of the survivor, to divide the corpus into five equal shares, one to be paid over to appellee free and clear of the trust. The trustee invested the fund in participating shares of the mortgage pool, to the face value of $68,375.00. The surviving donor of the trust fund, appellee's father, died September 1, 1931, and appellee then became entitled to one-fifth of the principal remainder. Prior to that time, however, appellee had given a first mortgage of $10,000 on his home to the bank, which placed the mortgage in the pool as part of the group composing the general trust fund. On September 21, 1931, The Bank of Pittsburgh National Association was taken over by a Receiver appointed by the Comptroller of the Currency, for purposes of liquidation. The Commonwealth Trust Company was on Jan-

uary 19, 1932, appointed successor-trustee of the mortgage pool.

The situation of the parties at the present time is that appellee is indebted to appellant-trustee on his mortgage in the sum of $10,000, and is beneficiary of the trust estate to the extent of one-fifth of the estate's participating interest in the mortgage pool, amounting at its face value to $68,375.00. The trustee having demanded payment of the mortgage, which is overdue, appellee petitioned the court below to compel the trustee to satisfy his mortgage by allowing him to set-off against his indebtedness thereon the amount claimed to be due him as beneficiary of the trust estate, which at par would more than cover the mortgage debt. Appellant filed an answer averring as its chief preliminary objection to the petition the fact that appellee has no claim presently due him from appellant, and that the claim is unliquidated and incapable of liquidation pending final administration of the general trust fund represented by the mortgage pool. The objections were dismissed by the court below, which allowed the set-off and ordered the successor-trustee to satisfy of record the $10,000 mortgage. The trustee has appealed.

Was the defense set up by the trustee to the application for the set-off legally sufficient? We think it was, and that therefore the decree of the court below should be reversed. The grounds averred in the petition afforded no basis for allowance of the set-off, either at law or under recognized equitable principles. The insolvency of The Bank of Pittsburgh National Association is immaterial to the decision herein, since its relationship to appellee was that of trustee alone, and the substituted trustee has assumed its obligations and acquired its rights in respect to the trust. Hence no question is involved here of the insolvency of one of two mutual obligors, which means ordinarily that, unless set-off is granted, one debt will be paid in full and the other will not. Nor is this one of those problems which arise when

a debt is owed by one party in a fiduciary or representative capacity, and another is due him in his individual right, or vice versa. The principles governing the right of set-off in such cases are laid down in various decisions, notably the following: *Stuart v. Com.*, 8 Watts 74; *Hunter v. Henning*, 259 Pa. 347, 103 A. 361; *Gordon, Secretary of Banking, v. Union Trust Co.*, 308 Pa. 493, 162 A. 293; *Gordon, Secretary of Banking, v. Anthracite Trust Co.*, 315 Pa. 1, 172 A. 114; *Anthracite Trust Co.*, 319 Pa. 113, 179 A. 245; *Franklin Trust Co. of Philadelphia*, 319 Pa. 367, 179 A. 592; *Nauman's Est.*, 110 Pa. Superior Ct. 55, 167 A. 395.

In the instant case, appellee's mortgage debt is due by him individually to appellant as trustee for many estates, including his own, on a cause of action enforceable at law. On the other hand, appellee has an equitable right against appellant as trustee, for his beneficial share of the trust estate. But appellee's right against the trustee is neither a liquidated claim nor one presently due. As now existent, it could not be enforced in an action at law, nor is it capable at the present time of liquidation by any known legal standard, which is the accepted test for allowance of a set-off: *Hunt v. Gilmore*, 59 Pa. 450; *Roth et al. v. Pechin*, 260 Pa. 450, 103 A. 894. Appellee is not a creditor of the trustee. All that he now owns or is entitled to is an undivided one-fifth interest in a face value of $68,375.00 in amount of all the mortgages in the pool held by the trustee. No specific mortgage or mortgages can be appropriated to the discharge of appellee's right against the trustee. The petition for allowance of the set-off discloses nothing improper in the investment of the McQuade trust in shares of the mortgage pool, nor did the deed of trust confer on the beneficiaries, after the death of the donors, the right to demand cash of the trustee. Under *Crick's Est.*, 315 Pa. 581, 173 A. 327, appellee is not presently entitled to a cash payment. As we said in that case (p. 584): "In the circumstances, no duty was imposed upon the trus-

tee other than to issue a participation certificate to appellant [here the appellee] stating his interest in the fund."

There is nothing in the record to show that appellee's fractional interest in the mortgage pool is now worth its face value, or, indeed, what its value will be upon final liquidation of the pool. There is no demand made that the trustee be required to dispose of appellee's interest and thus liquidate it by sale or otherwise. There is no proof of what it would realize if put up for sale. No means is suggested as to how appellee's interest in the specific trust estate created by his parents, the donors, can at the present time be liquidated. If all the mortgages in the pool, or nearly all, are worthless, his beneficial interest may be worth far less than the amount of his mortgage debt. On the other hand, it may be worth more, but in either event its present-day value is merely conjectural, and unless it has an ascertainable market value which can be realized, or until liquidation of the pool is effected, the actual amount which will be due appellee from the trustee is not ascertainable.

Appellee has attempted to forestall a suit by the trustee on the mortgage by applying to the equity powers of the Orphans' Court for permission to set-off his claim against the trustee. But the nature of the claim is fatal to the application. If the question had arisen in proceedings by the trustee to foreclose the mortgage, appellee's claim would not be permissible as a set-off. "The law denies the right of set-off where the claim is for damages arising ex contractu, and the damages are not capable of liquidation by any known legal standard. 'A debt or the damages which can be set-off as an independent counterclaim must be such as a jury can find and liquidate in the ordinary way just as if the defendant were a plaintiff suing in debt, assumpsit or covenant': *Russell v. Miller*, 54 Pa. 154": *Somerset Colliery Co. v. John*, 219 Pa. 380, 384, 68 A. 843. A claim not yet due is, moreover, incapable of becoming the subject matter

of a proper set-off: *Russ v. Sadler,* 197 Pa. 51, 58, 46 A. 903; *Hotchkiss v. Roehm,* 181 Pa. 65, 80, 37 A. 119; *Roig v. Tim,* 103 Pa. 115, 118. See, in general, 57 *C. J.* 393, sec. 44; Id., 439, note 79 (j).

Here the circumstances do not make applicable the rule governing the equitable right of set-off, as applied in many of our cases dealing with the matter. In *Hibert v. Lang,* 165 Pa. 439, 442, 30 A. 1004, we said: "although in general in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties . . ., or where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles. . . ." This passage has been quoted and approved by us in various decisions, of which the latest are *U. S. Bank & Trust Co. Case,* 311 Pa. 320, 324, 166 A. 871, and *Gordon, Sec. of Banking, v. Anthracite Trust Co.,* supra, at page 5. It is plain that in the case before us the equities of third parties are involved, and their interests would be jeopardized should appellee's contention be sustained. The beneficiaries of the mortgage pool consist of hundreds of individuals and estates, the equitable owners of participating shares. Even if other considerations did not bar the set-off, no principle of equity can justify depleting the general fund held for all, whose value is yet undetermined, by what would amount to a payment out of it for appellee's sole benefit of an amount computed only on the basis of its face value.

The court below justified its allowance of the set-off on the ground that there was "no difference between the right of [appellee] and that of a debtor to an insolvent bank in which he had a deposit." But, as we have pointed out, the relationship of appellee to the trustee was not that of a bank depositor; the trustee is not in-

debted to appellee; it is merely under a fiduciary duty to him in respect of his beneficial interest, a duty which, when the beneficial interest has been liquidated, may ultimately include a duty to pay over the proceeds thereof to appellee. The time for the discharge of this latter duty is in the future. The position of the parties is, as suggested in appellant's brief, analogous to that of a stockholder who is indebted to a corporation in which he owns stock. It would not be contended that the stockholder, when sued by the creditor corporation, could set-off the par value of his stock, irrespective of its actual value and of the fact that it was incapable of being stated as a liquidated sum.

The principle of set-off is inapplicable to the situation presented by this record.

The decree of the court below is reversed, at appellee's cost, and the cause remanded with instructions to dismiss the petition.