## Kern's Estate

72

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ.

*Philip Stern,* for exceptants.

*Frederick H. Knight,* contra.

STEARNE, J., February 26, 1937.—Six exceptions are filed to an adjudication of a trustee's account by the administratrix, and by creditors, of a deceased life tenant, whose income was protected by the provisions of a spendthrift trust.

By the first exception exceptants complain that the auditing judge refused to surcharge the trustee with the sum of $4,034.65, representing interest and penalties paid on delinquent real estate taxes. The reason for the delinquency was that the trustee permitted the life ten-

ant to consume the entire income. Had the remaindermen excepted, such action on the part of the trustee could not be justified. But where the life tenant herself received all the income, which was the cause of the deficit, she, and those claiming under her, are estopped from obtaining an additional sum over and above the total income, which total income the life tenant had already obtained. To decide otherwise would be most unjust and inequitable. If citation of authority is necessary to establish the principle that a beneficiary cannot profit by his own act, see Perkins' Estate, 19 D. & D. 463, affirmed in 314 Pa. 49. While such authority refers to a matter of surcharge with respect to investment and retention of securities, nevertheless the principle is the same.

The second and fourth exceptions will be considered together. The second exception relates to the allowance to accountant of commissions at five percent on rentals collected and retained by the life tenant. The fourth exception concerns exceptants' request for a general reduction of commissions.

The evidence discloses three distinct factual situations: (a) Where the life tenant herself collected and retained rentals upon which a five percent commission was claimed and allowed accountant; (b) where the life tenant collected rents and turned over the same (with certain deductions for repairs, etc.) and a five percent commission was claimed and allowed accountant; and (c) where accountant employed a real estate agent to collect the rentals and upon which accountant also claimed and was allowed a five percent commission on the gross amount of rentals.

Where real estate is difficult to manage, a fiduciary may employ a professional agent, and still be entitled, at the discretion of an auditing judge, to receive compensation or commissions upon such rent collections: Milnamow's Estate, 18 Dist. R. 778; Gelback's Estate, 29 Pa. Superior Ct. 446. However, we know of no authority, and none has been submitted, which permits a fiduciary to receive compensation upon rentals which never passed

through its hands, and where it has permitted the life tenant to manage such real estate, even to the extent of leasing certain of the real estate in her own name, and to collect and retain for herself all such rentals. True, the fiduciary may have inspected the real estate on occasion, but even for this service any claim for compensation should be forfeited. The trustee was relieved of this care and responsibility. We are of opinion that commissions upon such items must be disallowed.

In those cases where the life tenant collected rents and turned them over to the trustee, we do not regard it as equitable or just for accountant to receive a full five percent commission. Accountant was partially relieved from burden and responsibility. Such situation differs materially from that where a professional real estate agent is employed. We are of opinion that three percent in the present circumstances, in those cases, is sufficient compensation to accountant, and reduce such commissions to that amount.

Where real estate agents turned rentals over to accountant, with deductions for repairs, commission, etc., the calculation of accountant's commission is based upon the gross rent collection. But in such case, as accountant has been relieved of certain of the labor, we do not regard, in the facts of this case, that accountant is entitled to a full five percent commission. In such instances accountant's commission is fixed at three percent: See Milnamow's Estate, supra; Beck's Estate, 12 Phila. 74; Casely's Estate, 23 Pa. Superior Ct. 646; Harrison's Estate, 15 Dist. R. 117; McHenry's Estate, 15 Dist. R. 302; Goldbeck's Estate, 17 Dist. R. 373.

As to the request for a general reduction of commissions: Allowance of commissions is largely within the discretion of the auditing judge. The basis for allowance is compensation, and the percentage method is used only for convenience: Taylor's Estate, 17 Dist, R. 395; McCune's Estate, 122 Pa. Superior Ct. 185; McGuffey's Estate, 123 Pa. Superior Ct. 432. We discover no reason

for disturbing the conclusions of the auditing judge, except as herein indicated.

The third exception relates to an item of $3,052.70 which was charged against income as repairs to real estate, whereas the remaindermen subsequently agreed that such item represented "capital expenditures" and should be charged against principal. If such sum was charged against income whereas it should have been properly chargeable to principal, it necessarily follows that upon adjustment such item must be placed in the income account and the income account debited with such sum. See Sternberger's Estate, 21 D. & C. 677, affirmed in 121 Pa. Superior Ct. 50. This exception is sustained.

The fifth exception complains the auditing judge approved the credit of an item of $644.61 interest on income account and $546.21 interest on overdraft of principal.

Our examination of the record discloses that the $546.21 represents interest charged against income in the following circumstances: The fiduciary expended principal in repairing and rehabilitating real estate in order that it might be rented and become income producing, and it therefore charged the life tenants with interest on this expenditure. Under the third item of the will the fiduciary was granted full authority to sell or mortgage the real estate. We can discover no difference in principle between a mortgage for improvements and an advancement for improvements. The life tenant benefited by the rental she was thus enabled to obtain. Under the facts of this particular case we feel that the charge of interest was a proper one and decline to disallow the credit.

The item of $644.61 represents interest charged the life tenant upon the amount of her overdraft. This is improper: King's Estate, 147 Pa. 410, 414. Such credit is disallowed.

The sixth and last exception relating to exceptants' complaint concerning the ruling of the auditing judge, relying upon King's Estate, 147 Pa. 410, is without merit and is dismissed.

The basis for exceptants' complaint is because of the spendthrift provisions of the will. Their theory as a basis for surcharge is that there was a prohibition in the will against advancements; that the trustee was guilty of breach of trust in allowing an overdraft by the life tenant, and, therefore, that the life tenant's administrator and her creditors may secure whatever sums of money are properly due and payable, entirely disregarding the amount of the overdraft. Reliance is made chiefly upon Overman's Appeal, 88 Pa. 276, Nauman's Estate, 110 Pa. Superior Ct. 55, and excerpts from King's Estate, supra. We do not regard this as the correct view.

In Overman's Appeal, the life tenant, protected by a spendthrift trust, was also a cotrustee. There was an overcharge against the trustees which exceeded the life tenant's share of income. It was held that the life tenant was entitled, nevertheless, to his income so protected by a spendthrift clause. In Nauman's Estate advances were made by the corporate trustee, and upon failure of the bank the receivers sought to set off such overdraft against the bank account of the life tenant. This was denied. However, Judge Baldrige wrote, page 59:

*"Of course, in good conscience, when and if the advanced interest is collected, the active trustee should be entitled to retain all or that portion necessary to reimburse itself."*

In King's Estate it was definitely ruled that a prohibition against anticipation in a trust clause of a will does not prevent the trustee from taking credit for payments made to the cestui que trust on account of income, before any income was actually received by him; but the trustee is not entitled to interest on such payments.

Mr. Justice Green in that case wrote, page 414:

"The cestui que trust had actually received the payments made in perfect good faith by the trustee, and she was as much in fault, in violating the clause against anticipation, as the trustee was in making the payments. She has, therefore, no equity to be heard against her own

wrongdoing, and we regard her as estopped from saying she had no right to receive the money on account of the clause against anticipation."

We therefore sustain in whole or part exceptions 2, 3, 4, and 5, and dismiss all others. The adjudication, as thus modified, is confirmed absolutely.