## Horton's Estate

*Robert Smith* and *Donald M. Highbee*, for administratrix.

*Joseph J. Baer*, for attaching creditor.

CARR, J., January 16, 1940.—The distribution of this estate involves questions of the right of the executrix to set off unmatured obligations of a legatee to testator against the amount of the legacy, and of the right of an attaching creditor of the legatee to an award in advance of judgment in the common pleas on the attachment.

From the record, petition for distribution, and testimony taken, we make the following:

### Findings of fact

1. D. Harry Horton died on December 5, 1938. . . .

5. In the second item of his will testator provided as follows: "I give and bequeath to the First Methodist Episcopal Church of Connellsville the sum of one thousand ($1,000) dollars."

6. Among the assets of the estate are 10 six percent coupon bonds of the principal amount of $100 each, numbered 383 to 392, inclusive, dated August 1, 1924, due and payable August 1, 1941, issued by the First Methodist Episcopal Church of Connellsville, under the terms of an indenture of mortgage to Yough Trust Company, a corporation, trustee, dated August 1, 1924, and recorded in the Recorder's Office of Fayette County in mortgage book vol. 174, p. 9.

7. On February 1, 1939, at no. 337, December term, 1938, in the Court of Common Pleas of Fayette County, R. W. Doty, Secretary of Banking of the Commonwealth of Pennsylvania, receiver of Title & Trust Company of Western Pennsylvania, plaintiff in a certain judgment for $7,000 with interest and costs, recovered by him in said court at no. 22, June term, 1934, against the First Methodist Episcopal Church of Connellsville, defendant, caused a writ of attachment execution sur that judgment to be issued, which was served on the executrix, Elizabeth M. Horton, as garnishee, on February 2, 1939. No interrogatories have yet been filed or served in said proceeding, and the parties, including the attaching creditor, have all submitted themselves to the decree of this court.

8. On July 25, 1939, the First Methodist Episcopal Church of Connellsville filed with the executrix its election to receive $1,000 principal amount of its six percent bonds due in 1941, described in our sixth finding of fact, in full satisfaction of the bequest to it contained in paragraph second of the will.

*Discussion*

By statute (Act of April 13, 1843, P. L. 233, sec. 10, 12 PS §2269) legacies are expressly made subject to attachment in satisfaction of judgments. Testator's will does not exempt his legacy to the church from such process.

It has long been settled that the attaching creditor's right to receive the legacy is subject to the garnishee's right of set-off, as in other cases: Strong's Exec. v. Bass et al., 35 Pa. 333. But, while in some jurisdictions it is held that the garnishee may set off against the amount due defendant a debt maturing after the service of the garnishment process where the debt arises out of a contract with defendant which was in existence at the time of service, with us the rule is that to be available as a set-off the garnishee's claim against the defendant must not only have been acquired before service (Pennell v. Grubb, 13 Pa. 552), but must also then be due and enforcible, since the attachment operates as a transfer of the funds of defendant in the hands of the garnishee: Myers v. Baltzell, 37 Pa. 491; Chipman et al. v. Ninth National Bank, 120 Pa. 86; First National Bank of Pittsburgh v. Anglo-Oesterreichische Bank, for use, 37 F. (2d) 564; Dougherty Brothers & Co. v. Central National Bank, 93 Pa. 227; Commonwealth v. Tradesmen's Trust Co. (No. 1), 250 Pa. 372; Kurtz et al. v. County National Bank, 288 Pa. 472; Commonwealth Trust Company of Pittsburgh's Appeal, 324 Pa. 161.

Here the attachment of the legacy to the church was served on February 2, 1939, but the bonds of the church held by the garnishee do not mature until August 1, 1941. Nothing was done before the attachment to show any application of the unmatured bonds to the legacy: Crall v. Ford et al., 28 W. N. C. 366. The election of the church, made after the service of the attachment, to take its own bonds in payment of the legacy, is, of course, of no avail.

Where the jurisdiction of the common pleas has attached by the service of an attachment prior to the audit

of the account, the usual practice pending judgment in the common pleas is to impound enough to satisfy the attachment and costs, and distribute the rest. In the present case, however, the attaching creditor has submitted himself to the decision of this court, and our decree will be conclusive: Appeal of Reese et al., 116 Pa. 272; Otterson v. Gallagher, 88 Pa. 355; Otterson et al., etc., v. Middleton, 102 Pa. 78.

### Conclusions of law

1. This court has complete jurisdiction of the parties to the attachment and the subject matter.

2. The unmatured bonds of the First Methodist Episcopal Church of Connellsville held by the executrix may not be set off against testator's legacy to said church.

3. The executrix has in her hands the sum of $900 (bequest less tax), the property of the First Methodist Episcopal Church of Connellsville bound by the lien of the attachment execution served on her on February 2, 1939, at the suit of R. W. Doty, Secretary of Banking of the Commonwealth of Pennsylvania, receiver of Title &·Trust Company of Western Pennsylvania v. First Methodist Episcopal Church of Connellsville, sur judgment no. 22, June term, 1934, in the Court of Common Pleas of Fayette County, and upon payment thereof to said plaintiff the executrix should be discharged therefrom as against said defendant.

### Decree of distribution

And now, January 16, 1940, the account in this estate having been filed and confirmed nisi, and having been examined and audited by the court, together with the restatement thereof, upon consideration thereof it is ordered and decreed that said account, as restated and filed December 1, 1939, be confirmed absolutely, and that the funds and assets be paid, assigned, transferred, and set over in accordance with the schedule of distribution hereinafter set forth, unless exceptions are filed within 10 days.