# Kern *versus* Powell.

98  253
187  158
98  253
d194 406

1. Where a debtor makes an assignment of certain of his property in
trust for a single creditor, which assignment is not, however, recorded,
and subsequently the same debtor makes a general assignment of all his
property for the benefit of all his creditors, which assignment is recorded,
the prior assignment is void as against all creditors save the one nom-
inated therein, and the property transferred thereby will pass to the
assignee under the subsequent assignment for the benefit of all the
creditors.

2. Where, in such case, the assignee, under the subsequent assignment,
takes and sells the property named in the prior assignment, the assignee
under such prior assignment is not entitled to recover from him the pro-
ceeds or avails thereof.


June 3d 1881.   Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :*
Of January Term 1881. No. 168.

Assumpsit, by A. M. Kern in trust for Mary Ann Kern
against Welcome B. Powell, assignee for the benefit of the
creditors of William Kern.   Although the suit was brought

against Powell as assignee, the plaintiff sought to charge him personally, and his being named as assignee was treated as surplusage.

On the trial, before ALBRIGHT, P. J., the following facts appeared :—On March 28th 1877, William Kern executed to his son, the plaintiff, Alfred M. Kern, the following paper :

I, William Kern, of Allentown, Pennsylvania, do hereby transfer and set over to my son, Alfred M. Kern, of Whitehall township, in trust and for the sole use of my wife, Mary Ann Kern, to whom I am indebted for money received by me from the estate of her deceased father, Jonathan Kline, viz. : All the stock, cattle, horses, and all personal property whatever, now being on my farm in said Whitehall township, and now in possession of my said son, Alfred M. Kern; also, my household furniture and other personal property now being in my house, situated on Sixth street, Allentown, and I authorize my said son, to sell any portion of said property and convert the same into money, and to otherwise use said property to the use of my said wife, Mary Ann Kern.

Witness my hand and seal March 28th 1877.

WM. KERN. [SEAL.]

Witness :
JOHN D. STILES.

This instrument was not recorded. It was not disputed that William Kern was at the time of its execution honestly indebted to his wife in a sum exceeding $7,000.

On April 7th 1877, William Kern executed and delivered a general assignment of all his property to the defendant, Powell, in trust for the benefit of his creditors. This assignment was duly recorded. Powell included in his appraisement the stock and personal property in possession of Albert M. Kern, to which the latter claimed title as trustee for Mrs. Wm. Kern. Powell, however, obtained possession of the property, and he alleged, on the trial, that Albert M. Kern, being unable to procure security in replevin, consented that it should be sold by Powell and his claim as trustee of Mrs. Kern would attach to the proceeds, upon distribution by an auditor. The plaintiff denied that he made any such agreement, and the court submitted this question of fact to the jury.

On October 17th 1877, William Kern was adjudicated a bankrupt, and the United States District Court subsequently made an order directing Powell to file his account in said court, which he did, in which he charged himself, *inter alia*, with the proceeds of said sale, and to which he appended a

memorandum, stating the pendency of this suit by Albert M. Kern, trustee, against him, and asked that a portion of the balance in his hands be set apart to await its result.    By reason of these proceedings in bankruptcy, Powell filed no account in the Common Pleas, and of course no auditor was appointed.    The United States court referred Powell's account to a register in bankruptcy to report distribution of the balance under the provisions of the bankrupt law, " the same as if the fund were in the hands of the assignee in bankruptcy."    This reference was pending before the register in bankruptcy at the time of the trial of this suit.

The plaintiff requested the court to charge, in substance, that Powell having taken possession of the property, the title to which passed to Albert M. Kern, trustee, by the instrument of March 28th 1877, with full knowledge on the part of Powell of such title, Powell rendered himself personally liable to the plaintiff for the value of such property; and the fact that he was acting as assignee for creditors under a subsequent assignment, and that his rights as such had been superseded by the proceedings in bankruptcy, was no defense to this action.

The court declined to charge as requested, but directed the jury that if they found that Albert M. Kern consented to the sale of the property by Powell and agreed to pursue his claim against the proceeds, Powell would not be personally liable in this action; but that if the sale by Powell was without the consent of Albert M. Kern, the verdict should be for the plaintiff.

Verdict for the defendant and judgment thereon.    The plaintiff took this writ of error, assigning for error, *inter alia,* the refusal of his points and the charge of the court.

*Edward Harvey (O. E. Holman* with him), for the plaintiff in error.—The deed of March 28th 1877, constituted Albert M. Kern a trustee for Mrs. William Kern of the personal property thereby assigned bona fide for a valuable consideration moving from the cestui que trust.    The trustee had possession, and the transaction was complete before the execution by William Kern of the general assignment for creditors; and Powell, the assignee for creditors, could acquire no right to said property. He took the debtor's estate as a volunteer, and has no rights which could not be claimed by the assignor : Ritter *v.* Brendlinger, 8 P. F. Smith 68 ; Spackman *v.* Ott, 15 Id. 131 ; Fulton's Estate, 1 Id. 211.; Garrison's Appeal, 2 Grant 216 ; Luckenbach *v.* Brickenstein,.5 W. & S. 145.; Burrill on Assignments p. 136, § 110.    By the taking possession and sale of said property Powell rendered himself personally liable to the plaintiff.    Even

if the defendant had proved the plaintiff's agreement that the property should be sold, the plaintiff to look to the proceeds, such agreement was revocable, and did not oust the jurisdiction of the court, and the bringing of this suit was a revocation : Mentz *v.* Armenia Ins. Co., 29 P. F. Smi.h 480.

*Jas. S. Biery* and *R. E. Wright & Son,* for the defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, October 3d 1881.

The view we take of this case makes it unnecessary to con-sider the assignments of error in detail.

Both parties claim by assignment from William Kern, in trust. The legal plaintiff, in trust for the equitable plaintiff, by assignment dated the 28th March 1877 ; and the defendant as general assignee for the benefit of all creditors, by assignment dated 7th April thereafter.

Section 1 of the Act of 17th April 1843, Pur. Dig. 91, declares all assignments of property in trust, thereafter made by debtors to trustees, to prefer one or more creditors, except wages of laborers not severally exceeding $50, shall be held and construed to inure to the benefit of all the creditors in proportion to their respective demands, and that all such assignments shall be subject in all respects to the laws now in force relating to voluntary assignments. The 5th section of the Act of 24th March 1818, Pur. Dig. 92, requires all such assignments to be recorded within thirty days after their execution, in the office for recording of deeds in the county in which the assignor resides, and on failure to so record, the assignment shall be considered null and void as against any of the creditors of the assignor. The 1st section of the Act of 14th June 1836, makes it the duty of the assignee within like time to file in the office of the prothonotary an inventory of the property assigned.

The assignment to the plaintiff was in trust, to pay a debt due to the wife of the assignor, which was not for the payment of wages for labor, and none of the requirements of the statutes relating to voluntary assignments was complied with by this assignee. This assignment in express terms gave a preference to one of the creditors of the assignor. Such attempted preference is made inoperative by the Act of 1843 : Worman *v.* Wolfersberger's Executors, 7 Harris 59 ; Watson *v.* Bagaley, 2 Jones 164 ; Fallon's Appeal, 6 Wright 235 ; Miner's National Bank's Appeal, 7 P. F. Smith 193 ; Wallace *v.* Wainwright, 6 Norris 263.

The assignment to his son, both in express terms and by legal intendment, created a trust. It declares the transfer to be

[Holt's Appeal.]

"in trust and for the sole use of my wife Mary Ann Kern." It proceeds " and I authorize my said son to sell any portion of said property, and convert the same into money and to otherwise use said property, to the use of my said wife." It is not the case of a transfer of property directly to the creditor. That would not be an assignment in trust under the statute : Chaffees v. Risk, 12 Harris 432. This assignee is not a creditor. The object and intended effect of this assignment were to vest the legal interest in him, and the equitable interest in another. That is clearly a trust : Chaffees v. Risk, *supra;* Wallace v. Wainwright, *supra.*

All preference of the plaintiffs under the assignment, was annulled by the Act of 1843. ` Non-compliance with the Act of 1818 made the assignment void against all creditors of which the defendant is the representative. The property inured to their benefit. It all passed to the defendant as general assignee, who did comply with the requirements of the statute. He having taken and sold the property in execution of his trust, the plaintiffs cannot in this action recover from him the proceeds or avails thereof : Heckert's Appeal, 12 Harris 482 ; Vanarsdale v. Richards, 1 Whar. 408.

It is true a voluntary assignee is not a *bona fide* purchaser for value, as is shown in Wright and Slingluff v. Wigton, 3 Norris 166, and the cases there cited. That rule of law, however, does not prevent full effect being given to the Act of 1843, when applied to an assignment in conflict therewith.

As, under any view of the case presented, the plaintiffs cannot recover, the learned judge committed no error to their prejudice.

Judgment affirmed.