W. L. Paine, Assignee of J. George Ihmsen, trading as J. G. Ihmsen & Co., *v.* Monongahela National Bank of Pittsburg, Appellant.

*Estoppel—Estoppel in pais—Duty to speak.*

He who will not speak when he ought to speak will not be heard when equity demands that he shall keep silent.

*Assignment for creditors—Payment—Estoppel.*

An assignee under a recorded assignment who has paid money justly owing one of the creditors may not recover it back when he has put it out of his power to restore the creditor to his original situation.

A person embarrassed financially assigned to an attorney for a bank certain book accounts to secure the payment of a number of his customer's notes, indorsed by him when he was in good financial condition, and which the bank had discounted. This assignment was not recorded. Subsequently the assignor made a general assignment for creditors, which assignment was recorded. The general assignee permitted the assignee for the bank, who was his attorney, to collect the accounts and pay over

to the bank an amount sufficient to cover the notes held by it, lift the notes from the bank and deliver them and the balance of the money to the general assignee, who soon after filed his account in which he charged himself with the assigned book accounts, and took credit for the sum paid the bank. This account was duly confirmed, and no appeal was taken from the decree of confirmation. *Held,* that the general assignee, five years after, could not recover from the bank the money which he had permitted it to receive from the special assignee.

Argued Nov. 3, 1899. Appeal, No. 194, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny County, Nov. T., 1898, No. 437, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for money had and received. Before McCLUNG, J.

The facts are fully stated in the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,748.64. Defendant appealed.

*Error assigned* was giving binding instructions for plaintiff.

*R. A. Balph,* with him *James Balph,* for appellant.—The acceptance of a dividend under an assignment, fraudulent as to creditors, estops the party from setting up its invalidity: Furness v. Ewing, 2 Pa. 479 ; Waters's App., 35 Pa. 523.

The plaintiff having ratified and confirmed the act of his attorney in paying the notes, it thereby becomes the act of the plaintiff, and is a voluntary payment, and as such cannot be recovered back in this action: Finnel v. Brew, 81 Pa. 362; Natcher v. Natcher, 47 Pa. 496 ; Carson v. McFarland, 2 Rawle, 118.

Before suit brought there should have been a tender of the notes, and the defendant put in the same position that he was prior to the payment by his attorney, Stevenson : Turnpike Co. v. Com., 2 Watts, 433 ; Gore v. Kinney, 10 Watts, 139 ; Huber v. Burke, 11 S. & R. 246 ; Snyder v. Wolfley, 8 S. & R. 328 ; Magaw v. Lothrop, 4 W. & S. 316 ; Dewey v. Erie Borough, 14 Pa. 213 ; Roth v. Crissy, 30 Pa. 145 ; Morrow v. Rees, 69 Pa. 368.

The plaintiff is estopped by the record from recovering in this action: Kelly v. Eichman, 3 Wharton, 419; Edwards's App., 105 Pa. 103; Bush, Bunn & Co.'s App., 65 Pa. 363; Vetter's App., 99 Pa. 52.

*J. M. Swearingen*, with him *L. B. D. Reese*, for appellee.— The assignment of August 14, 1893, to A. K. Stevenson, being by an insolvent to a trustee, for the purpose of preferring the two creditors therein named to the exclusion of all others, inured to the benefit of all the creditors of J. G. Ihmsen & Company.

Said assignment, never having been recorded in the recorder's office of Allegheny county, Pennsylvania, was and is null and void as against any of the creditors of J. G. Ihmsen & Company: Act of March 24, 1818, 7 Sm. Laws, 132, sec. 5.

The assignment of August 14, 1893, being void, not only because it was never recorded, but also because it contained an unlawful preference, the title to all the assets therein mentioned passed to W. L. Paine, the assignee for the benefit of all the creditors of J. G. Ihmsen & Company, under and by virtue of the deed of general assignment to Paine, dated August 16, 1893, which was duly recorded: Kern v. Powell, 98 Pa. 253; Dickson & Co.'s Assigned Est., 166 Pa. 134.

Stevenson was a trustee of these moneys, ex maleficio; and so, also, is the appellant, which obtained them from Stevenson with notice: Irwin v. Keen, 3 Wharton, 347; Huey v. Prince, 187 Pa. 151; Marshall's Est., 138 Pa. 285; Petrie v. Clark, 11 S. & R. 377; Harrisburg Bank v. Tyler, 3 W. & S. 373; Rolfe v. Gregory, 11 Jur. N. S. 98; Abbott v. Reeves, Buck & Co., 49 Pa. 494; Goepp's App., 15 Pa. 421; Pierce v. McKeehan, 3 W. & S. 280.

OPINION BY MR. JUSTICE DEAN, January 29, 1900:

Ihmsen was engaged in the lumber business; in his dealings he took from his customers notes and, for discount, indorsed them to the Monongahela National Bank, this defendant and appellant. On the 1st of August, 1893, Ihmsen, becoming embarrassed financially, without solicitation, called upon the bank and offered to assign to it in payment of the discounted paper, certain book accounts, the bank to collect them, pay any excess to the as-

signor, after deducting amount of notes, and also return the notes. To this the bank assented; on the 14th of August following, Ihmsen, by writing accompanied by schedule of accounts, assigned to A. K. Stevenson, attorney, also attorney for appellee, an amount thought to be sufficient to pay these notes, and Stevenson notified the bank. This assignment was not recorded. Two days afterwards, Ihmsen made a general assignment for the benefit of creditors to W. L. Paine, this plaintiff, which assignment was duly recorded. Paine having duly qualified proceeded with the performance of his duty as assignee. But, although he knew of the transaction by his assignor with the bank, and that Stevenson, his own attorney, under the power given him, was collecting the accounts, he made no demand for them, nor took any steps to revoke Stevenson's power. The latter proceeded with collections, and having collected $5,570.20, on April 9, 1894, turned over to the bank $1,861.53, in full of the notes held by the bank, lifted the notes and delivered them and the balance of the money to the assignee, who soon after filed his account, in which he charged himself with the assigned book accounts, and claimed credit for the sum paid the bank. Exceptions being filed to that part of the account involving this credit, an auditor was appointed who decided against exceptants; the exceptions were renewed to the report; these were overruled, and on the 25th of July, 1896, the court confirmed the report absolutely, and directed the money to be paid out according to the schedule of the auditor. This decree remains unappealed from.

On October 3, 1898, Paine, the assignee, brought suit against the bank on the notes paid, without any return or offer to return them before suit brought. The learned judge of the court below, evidently assuming that the case was ruled by Kern v. Powell, 98 Pa. 253, Dickson & Co.'s Assigned Estate, 166 Pa. 134, and Huey v. Prince, 187 Pa. 151, peremptorily instructed the jury to find for plaintiff the amount of the notes with interest, and we have this appeal by the bank, which assigns for error the instruction of the court.

This case is clearly distinguishable from those cited. The assignment of the book accounts to Stevenson for the protection of the bank was not recorded, while the general assignment was; if this were all that appeared, under the cases referred to, the first assignment would be void, and the assets would inure

to the benefit of the general creditors. But the evidence goes much further; with the full knowledge of the assignee under the recorded assignment, Stevenson proceeded to collect the book accounts; did collect them; paid the debt of the creditor, who returned the indorsed notes to him; then, Stevenson turned these notes over to the assignee with the excess of money; he accepted both; then filed his account, charging himself with the money and taking credit for the amount which Stevenson had paid the bank. On exceptions to the account, the final decree unappealed from was that the account was correct. The assignee then went so far as to collect from the drawers of the notes, of which his assignors were indorsers, part of the money represented by them.

Clearly these notes belonged to the bank; Ihmsen was only liable as indorser, and they were discounted before the indorser became embarrassed. If the general creditors, or the assignee for them, intended to repudiate the transaction with the bank, it was their duty to do so immediately after they had knowledge of it. Not only did the assignee fail to do this, but in filing and making affidavit to his account he most unequivocally ratified it. Further, if he intended to assert his right to the Stevenson money he should not have accepted the notes belonging to the bank; it should have retained the notes with all its rights to make its money out of the drawers. Admit that appellee is a trustee for all the creditors, and is bound to protect their rights, yet when he permitted the bank to retain this money, accepted a return of the notes and used them for the benefit of the general creditors; then filed an account in which it was judicially ascertained that his action was lawful, he cannot, more than five years afterwards, inconsistently repudiate his action by suit against the bank. He attempts to show that the bank is no worse off than if he had not accepted the notes and filed his account, claiming credit for the payment, because some of the drawers of the notes, soon after, became insolvent; but how does he know what the bank with vigilance might have collected if in possession of its own notes? This is not the case of an assignee under an unrecorded assignment seeking to withhold money from the general creditors; it is, in substance, the case of an assignee under a recorded assignment, who has paid money justly owing one of the creditors, attempt-

ing to recover it back when he has put it out of his power to restore the creditor to his original situation. It is an estoppel in pais. "He who will not speak when he ought to speak, will not be heard when equity demands that he should keep silent."

The judgment is reversed.