## Klein's Estate.

Argued January 19, 1937.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry R. Matten,* with him *Charles W. Matten,* for appellant.

*Randolph Stauffer,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 22, 1937:

Conrad Klein died October 7, 1928, leaving a will under the terms of which he gave his entire residuary estate to his trustees, the Reading National Bank and Trust Company, Lucy E. Klein and Frederick Hunter

Klein, to pay the income therefrom to his widow and children, in the proportions as provided by his will.

A part of the principal of the estate was invested by the trustees in mortgage bonds, which were sold to the estate by its corporate trustee. These bonds were secured by straight mortgages upon real esstate taken in the name of the Reading National Bank and Trust Company. It appears from the evidence that in making a mortgage loan prior to 1929, the Bank, instead of taking a single bond for the full amount of the loan, took from the mortgagor a number of bonds of smaller denominations, the total of such bonds equalling the principal of the mortgage. The bonds were then sold by the Bank to its customers who desired investments. The Bank, however, continued to hold the mortgages in its name, to collect the interest and pay it over to the persons holding the bonds.

From 1929 to 1933 a number of the mortgages, the bonds of which were held by the trustees of this estate, became in default. Although the Bank was unable to collect the interest on these bonds, it continued payments to the beneficiaries as if the amounts were received from the mortgagors. Where the interest upon bonds was not paid by the debtors, the commercial department of the Bank would advance to the trust department, which handled the mortgages, an amount sufficient to pay the interest upon the bonds. Neither the individual co-trustees of the estate nor the beneficiaries, who received the income, had knowledge of this arrangement, and the beneficiaries believed that the payments received by them from the Bank as income, represented interest actually paid by the obligors upon the bonds held by the estate.

The Bank was closed during the banking holiday of March, 1933, and did not reopen. The Receiver of the Bank, who is here the appellant, in his account as trustee, took credit for the advancements so made by the Bank, and reimbursed the Bank out of income subse-

quently received *from other investments* belonging to the trust estate. Upon exceptions of the trustees of the estate, the court below surcharged the Receiver accountant with the deductions so made, amounting to $11,661.99. It limited recoupment of the Bank solely to the income subsequently received on the same investments whose prior delinquency occasioned the advancements. From a dismissal of his exceptions to that adjudication, the Receiver has taken this appeal.

The narrow question involved is whether for the advances which it made, the Bank is entitled to reimburse itself out of income subsequently received from other investments of the estate. The appellant complains that the court below limited the Bank to repayment out of the income subsequently received on the identical investments which had been in default. It urges that if the bank is allowed to take credit for the advances made, the beneficiaries will nevertheless have received all the income collected by the trustees from the investments of the estate.

This is not the case of the obligation of beneficiaries to reimburse the trustees for an overpayment made from the funds of an estate. There is no relationship of debtor and creditor between the beneficiaries and the estate. The fact that advancements were being made by the Bank was within its knowledge alone. The co-trustees and beneficiaries were kept in ignorance that the payments were made from the Bank's own funds, and not out of the income of the trust.

Whether the Bank made these payments of uncollected interest out of consideration for the beneficiaries, or to protect its reputation with respect to the securities which it had sold to its customers and to its trust estates, is beside the question. The fact clearly appears from the evidence that on the books of this estate the Bank had credited the interest payments as having been made by the mortgagors, and the beneficiaries were unaware of the source of the payments. Therefore,

the present case is to be distinguished from the decision of this Court in *King's Estate,* 147 Pa. 410, which is relied upon by the appellant, where the advancements of income by the trustee from his individual funds were made not only with the knowledge and acquiescence of the beneficiary, but at her request. In the instant case there is no element of estoppel, which was the controlling factor in *King's Estate.*

Here the advancements made by the Bank were drawn from its own funds. The money which it subsequently received as income from other investments of this estate, was received in its capacity as trustee. The voluntary payments which it had made did not relieve it as trustee from its duty to pay over other income in strict accordance with the terms of the trust.

The facts of the present case are similar to those considered by the Superior Court in *Nauman's Estate,* 110 Pa. Superior Ct. 55. In that case a testamentary trustee advanced income to a beneficiary when the income so advanced had not been received by it. This was done without knowledge of the beneficiary that the income paid represented interest due upon mortgages then in default. Thereafter the trustee sought to recoup itself for the advances, out of income subsequently coming into its hands from other investments of the trust estate. The court held that the trustee could have reimbursement from the income of those investments only as to which it had made the advancements.

For the reasons stated we are satisfied that the action of the court below, in limiting the trustee to reimbursement from the income upon those investments which had been in default, was proper, and the disallowance of the credits claimed, which the court below ordered, was not error.

Judgment affirmed. Costs to be paid by the appellant.