**ADAMS v. READING TRUST CO. et al.**

Civ. No. 336.

District Court, E. D. Pennsylvania.

Nov. 29, 1939.

On Reargument Jan. 22, 1940.

Russell H. Yoder, of Reading, for plaintiff.

Randolph Stauffer, of Reading, for defendants.

KIRKPATRICK, District Judge.

The facts, as they appear from the pleadings, are as follows:

The Reading National Bank, now in liquidation under the plaintiff as receiver, owned a mortgage in the amount of $75,000, securing an issue of 75 one thousand dollar bonds. The bank sold the bonds to the

public and thereafter acted as trustee for the various bondholders in collecting interest from the mortgagor, distributing it and generally servicing the mortgage. The mortgagor defaulted in the payment of interest, but the Bank continued to pay the bondholders their interest, dipping into its own or other trust funds to do so, until it had paid out $4,500 in this way. The bondholders knew nothing of the default nor where the money which paid their interest had come from. With things in this shape, the bank failed and was taken over by the Comptroller of the Currency, and some time thereafter the plaintiff was appointed receiver. The mortgage was foreclosed and the mortgaged premises bought in by the Berks County Trust Company, in trust for the bondholders. During his administration of the Bank's affairs the receiver collected $2,150 additional interest from the mortgagor. Also, prior to foreclosure, as mortgagee in possession, he collected $410, being rental of the mortgaged property, but during that period taxes in excess of that amount accrued and have not been paid.

The claim of the plaintiff is that, as receiver of the Bank, he is entitled to be reimbursed in the amount of $1,939.96, which represents the amount advanced by the Bank to the bondholders out of its own funds ($4,500) less the interest subsequently collected from the mortgagor ($2,150) and the rentals ($410.04). It is conceded that the receiver is entitled to retain the $2,150 interest collected from the mortgagor. The defendant's position is that the receiver is not entitled to retain the $410.04 rentals, because they do not represent net rent over and above taxes, and that he is not entitled to reimbursement for the balance of $2,350 ($4,500 minus $2,150), being the portion of the interest, which the Bank paid out of its own funds, not received from the mortgaged property.

The question thus presented may be stated as follows: Where a trustee makes payment of income from its own funds, as if received from particular investments, without notice to or knowledge of the beneficiaries that the income from the investment is in default, may it recover such advancements from the beneficiaries (either the individual bondholders or a substituted trustee who has taken over the trust investment)?

■■ Under the law of Pennsylvania, it plainly may not. See Media-69th St. Trust Company's Trust Mortgage Pool Case, 329 Pa. 587, 197 A. 918, 115 A.L.R. 869; In re Klein's Estate, 326 Pa. 393, 190 A. 882; Klein et al. v. Adams 31 Berks County Law J. 241 (the last case being one which arose under this identical mortgage and trust.) The two cases first cited arose upon states of fact not distinguishable from that presented by the present case in any material particular. The decisions are controlling and I am bound by them.

In Com. Trust Co. of Pittsburgh v. Atwood, 78 F.2d 92, the Circuit Court of Appeals for the Third Circuit apparently held otherwise. However, under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, if the question were again presented to the Circuit Court of Appeals, that Court, in view of the Pennsylvania decisions (rendered since the Atwood case), would be bound by the law of Pennsylvania. Judge Schaeffer, in his opinion in the Berks County case, thought that the Atwood case could be distinguished from the one before him (which is also the present fact situation) on the ground that the beneficiaries in the Atwood case were merely holders of participation certificates and had no direct right of action against the mortgagor in case of default. In other words, he thought that they did not lose so much in the way of substantial and practical rights by being kept in ignorance of the default by the trustee, and that therefore the same considerations of policy which require that, in a case of this kind, the trustee be held for payments out of his own pocket did not apply. I doubt that this is a difference upon which the cases, can be distinguished, because, even if that policy is the whole foundation of the rule, it is almost as important for participation certificate holders to know of a default in the underlying mortgage as it is for direct holders of mortgage bonds. At any rate, it is not necessary to attempt to draw a distinction. The Pennsylvania cases are controlling and the question stated above is answered in the negative.

■ I agree with the contention of the defendant that the plaintiff is not entitled to reimbursement to the extent of $410.04 from the rent collected by him during the receivership. He would be entitled, no doubt, to any net rentals remaining after performance of the trust duties, which included the general servicing of the mortgage and the payment of taxes. With un-

paid taxes outstanding in excess of the rentals in hand, he is not.

It appears that all parties to this action have stipulated to the allowance of the sum of $325.66 as trustee's compensation, to which the Court now gives formal approval.

■ I am also of the opinion that the receiver is properly entitled to an allowance out of the trust estate for counsel fees incurred by him in rendering his accounting and obtaining a proper discharge from the trust, which, of course, includes the present proceeding. It is suggested that the amount of this counsel fee can be agreed upon. In the event that the parties find themselves unable so to agree, the Court will proceed to fix the amount.

An order for judgment may be prepared and submitted in accordance with the foregoing opinion.

### Sur Reargument.

After carefully considering the earnestly pressed argument of the plaintiff, I am still of the opinion that the present case is ruled by In re Klein's Estate 326 Pa. 393, 190 A. 882. That decision is on all fours with the present as to every material factor. It was the same trustee, the same trust (at least as to some of the beneficiaries) and the same practice of advancing interest on defaulted trust securities. The single point of distinction is that in Re Klein's Estate the Bank was attempting to recoup itself out of income subsequently received from other investments belonging to the trust estate, while in the present case, recoupment sought is from the principal of the trust estate.

In re Klein's Estate was decided upon the theory that, as to income derived from other investments, the trustee is under an absolute obligation to collect and pay it over intact. To set off against this liability an ordinary debt which the cestui may owe the trustee, no matter how incurred, would modify the trust obligation, and, consequently, is not permitted. It seems quite clear to me that the trustee stands on no better footing with regard to the principal of the fund itself. He has just as absolute a fiduciary obligation to the beneficiary as he has to pay interest derived from other investments. A personal obligation which the cestui may owe to him cannot be used to discharge his fiduciary obligation in this respect.

■ Of course, interest subsequently collected upon the same investment stands on quite a different basis. Here the fiduciary obligation is to pay over whatever interest is collected, but it extends no further. The precise time when it is to be paid is only a subordinate part of the obligation. The obligation is discharged when the full amount of interest collected is paid, and the cestui has no right to anything more. The fact that interest has been advanced does not alter this situation or affect the right of the Trustee to withhold interest coming into his hand later on to make up the advances.

In re Nauman's Estate, 110 Pa.Super. 55, 167 A. 395, holds that advances of interest under circumstances similar to those in the present case create a debtor-creditor relationship. If so, the trustee is a creditor in its individual capacity, because it has advanced its own money. This action, however, is clearly by the trustee in its representative capacity. It arises upon its accounting, and the main relief asked for, although against the individual bondholders as well as the substituted trustee, is the declaration of a lien upon the mortgaged premises themselves. Thus the Bank's rights as an individual creditor against the individual bondholders are not involved and are not determined here.

■ As to the second argument made by the plaintiff to the effect that if recoupment under the law of trusts is impossible, then the payments are ultra vires and may be recovered on that ground. This point was not discussed in the opinion of the court in Re Klein's Estate, but it was definitely in the case. As has been pointed out, if In re Nauman's Estate is to be followed, the advancements by the trustee create a debtor-creditor relationship, and therefore are not gifts of the Bank's money. Obviously they were not intended as such. In addition, the Bank had at all times the obligation of the mortgagor to pay the interest. It may have felt that the property would again earn sufficient income to recoup it wholly for its advancements, or it may have expected a benefit to itself in protecting its reputation with regard to securities which it had sold to its customers and to its trust estates. Under all the circumstances, I do not think that the Bank can escape liability for this transaction through any limitations in its charter.

The ruling heretofore made is adhered to, and judgment may be entered in accordance with it.